THE TRAVELLERS INSURANCE COMPANY, appellant,

*v.*

AARON H. MOSES, trustee, et al., respondents.

[Filed June 17th, 1901.]

A policy of insurance against the loss sustained by an employer through accidents happening to his employes, contained the following clause: "No action shall lie against the [insurance] company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after a trial of the issue."—*Held*, (1) that not the amount of the employe's judgment, but the amount paid by the employer thereon, was the sum for which the insurer was responsible; (2) that the transfer of the employer's property to a trustee in bankruptcy, by operation of the United States Bankrupt act, was payment within the requirement of this clause, and perfected the liability of the insurer for so much as the employe was entitled to receive out of the bankrupt's estate; (3) that this liability of the insurer passed, by force of the Bankrupt act, to the trustee in bankruptcy, as assets of the estate, and (4) that the amount for which the insurer is liable will be determined by ascertaining what percentage all the assets of the bankrupt, outside of this policy, will pay on all the debts proved against the estate, outside of the employe's judgment; the insurer is answerable for the same percentage of that judgment.

On appeal from an order advised by Vice-Chancellor Pitney in *Beacon Lamp Co. et al.* v. *Travellers Insurance Co.,* which, opinion is reported in *16 Dick. Ch. Rep. 59.*

*Mr. Freeman Woodbridge,* and *Mr. E. I. Myers* (of the New York bar), for Moses, trustee, et al.

*Mr. Alan H. Strong,* for Mary Bardzik.

*Mr. George Holmes, Mr. Charles C. Black* and *Mr. Charles L. Corbin,* for the Travellers Insurance Company.

The opinion of the court was delivered by

DIXON, J.

The object of this bill is to enforce the contract made February 20th, 1897, between the Travellers Insurance Company and the Beacon Lamp Company, by which the insurance company agreed to indemnify the lamp company against loss from liability for damages on account of bodily injuries accidentally suffered by any employe of the lamp company up to February 15th, 1898. The contract limited the liability of the insurance company to $5,000 for injuries to one person, and contained this provision:

"15. No action shall lie against the [insurance] company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after a trial of the issue."

On January 12th, 1898, the lamp company became liable to Mary Bardzik, one of its employes, for damages on account of bodily injuries accidentally suffered by her, and on January 23d, 1899, she obtained judgment therefor against the lamp company in the supreme court of this state for $6,066.78 after trial of the issue.

On the day last mentioned a petition in bankruptcy was filed against the lamp company in the United States district court for the southern district of New York, and in February, 1899, a similar petition was filed in the United States district court

for New Jersey, and thereupon, in March, 1899, the lamp company was adjudged bankrupt, and Aaron H. Moses was appointed trustee in bankruptcy and qualified as such. Afterwards Mary Bardzik proved her claim in the bankruptcy proceedings and it was duly allowed.

On these facts the trustee and the lamp company filed this bill in equity against the insurance company, making Mary Bardzik also a party defendant, to require the insurance company to pay to her the sum for which it is responsible. Mary Bardzik answered, and in her answer set forth, "by way of cross-bill," the same facts as were stated in the complainant's bill, and prayed the same remedy against the insurance company. This company demurred to the bill and the cross-bill, and the chancellor having overruled the demurrer, it appeals.

The argument presented in support of the demurrer is based upon clause 15 of the contract above quoted, and raises the question whether the action is "brought by the assured to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment." The contention is that the lamp company has not paid the loss; that payment of the loss is, by the terms of the contract, a condition precedent to an action, and therefore no right of action has yet arisen.

By force of section 70 of the United States Bankrupt act of July 1st, 1898, the property of the lamp company was transferred to the trustee in bankruptcy on his appointment and qualification. This transfer was made for the satisfaction of all claims against the company provable under the act, and when the Bardzik judgment was so proved, it was for the satisfaction of that judgment. From that time the trustee became trustee for her to the extent of her share of the rights which had passed to him from the company, and to that extent the company had actually paid her trustee and agent by the transfer of its property. The contract of the insurance company does not require that payment should be made in cash, and this payment in property is sufficient compliance with its terms.

Before payment was actually made by the lamp company, its right under the contract was substantial and valuable as an asset, but was immature. As soon, however, as payment was

made, its right became perfect, and *eodem instanti* passed by operation of law to the trustee, and the trustee became àt once entitled to enforce it.

It is further urged by the demurrant that the right of action contemplated by the contract is one to be pursued at law, not in equity, being a mere money demand upon an express promise.

Doubtless such a right must ordinarily be so prosecuted, but in the present case the right is complicated by the necessity of taking an account of all the assets divisible in the bankruptcy proceedings and of the claims proved against those assets; for without that account it cannot be ascertained how much the lamp company has paid in satisfaction of the Bardzik judgment, which is the extent of the demurrant's liability. This complication justifies a resort to equity.

We therefore conclude that the trustee is entitled to relief under his bill. The joinder of the lamp company as a complainant cannot be objected to on this demurrer. The demurrer to this bill was rightly overruled.

The cross-bill of Mary Bardzik should also be sustained. It prays no relief against the insurance company beyond that asked by the complainant; and as the complainant's prayer is that the sum due from the insurance company should be paid directly to her, thus in equitable effect assigning the complainant's claim to her, it was proper that she should affirmatively intervene to protect and enforce the right so acquired. At any rate, if there be any defect in her cross-bill, it is not so apparent as to be noticeable on general demurrer under the rules of the court of chancery. *Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 380.*

The orders appealed from are affirmed.

The foregoing opinion indicates that the view expressed in the court below, to the effect that the insurance company is bound to pay $5,000 in any event, is not approved by this court.

The obligation of the insurance company was with the lamp company only, and is explicitly defined by the contract, which limits it to such sum, not exceeding $5,000, as the lamp company may have actually paid in accordance with the policy. No person claiming under this contract can enforce any larger obligation, for it rested wholly within the power of the con-

tracting parties, subject only to public law, to fix the bounds of liability. The claim of the trustee or of Mary Bardzik therefore must have the same bounds. The lamp company has paid, but it has paid with property, and it remains to ascertain in money the amount of the payment. That can be done without difficulty, when all claims against the bankrupt estate are proved, and all the assets, outside of this obligation of the insurance company, have been converted into cash or definitely valued. Then can be ascertained what percentage all the assets, other than this obligation, will pay upon all the claims, other than the Bardzik judgment; and the same percentage of the judgment will be the amount of the liability of the insurance company, provided it does not exceed $5,000, and if it does exceed $5,000, the company will be liable for that sum. In this respect the present contract differs essentially from those wherein the insurer agrees to pay the damages for which the assured may become liable, such as were those considered in *Ross* v. *American Employers Liability Insurance Co., 11 Dick. Ch. Rep. 41.*

*For affirmance*—GUMMERE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES—12.

*For reversal*—None.