## AMALGAMATED PACKAGING INDUSTRIES, LIMITED v. NATIONAL CONTAINER CORP. (DELAWARE) et al.

United States District Court
S. D. New York.
Feb. 18, 1953.

---

[1] All the operative facts occurred in Pennsylvania.

Ludwig M. Wilson, New York City, for plaintiffs.

Gallop, Climenko & Gould, New York City, for defendants.

MURPHY, District Judge.

This is a motion by defendants to dismiss the complaint insofar as it purports to state a claim in behalf of plaintiff, Amalgamated Packaging Industries Limited, on the ground that it fails to state a claim upon which relief can be granted in favor of such plaintiff, and also for an order striking the complaint in its entirety for lack of conciseness and simplicity.

Briefly, the complaint alleges a single cause of action for breach of warranty by defendants arising out of a contract for delivery of kraft paper allegedly containing slime spots which were not discovered until after manufacture of bags by plaintiff Pulp & Paper Trading Co. in its African plants. Two contracts are alleged in the complaint, one between the plaintiffs Amalgamated and Pulp and the other between plaintiff Pulp and defendants. The first of these contracts was allegedly made between August 8 and August 22, 1951 for the purchase of 1,000 tons of paper at $315 per ton which Pulp "promised to order and procure from the defendant National Container Corporation (Delaware)." The second was purportedly made on August 22, 1951 in performance of the first agreement between Pulp and defendant National of Delaware for a similar quantity of paper at $300 per ton, in which contract, it is further alleged, defendant "agreed to manufacture and to pack and mark, for export, the goods mentioned and described * * * and warranted that said paper should in all respects be equal to such sample and would be fit and suitable for use as sack kraft and for the manufacture of multiwall bags and cement sacks and would be free from defects rendering it unmerchantable." The complaint then alleges delivery of the goods, payment by Pulp to the subsidiaries of National of Delaware, payment by Amalgamated to Pulp and that the goods were not as warranted to the damage of either plaintiff in the alternative.

Defendants insist that, absent any privity of contract between them and plaintiff Amalgamated or any assignment by plaintiff Pulp to Amalgamated, no claim of Amalgamated against defendants can be predicated on breach of warranty; and that the statutory permissive joinder of plaintiffs "if they assert any right to relief * * * in the alternative" is available only when it appears from the complaint that the parties joined as plaintiffs actually "assert" a right to relief.

Plaintiffs, for their part, contend that such right to relief has been asserted by Amalgamated both as third-party beneficiary to defendants' contract with Pulp and as principal of Pulp, its agent, in making the contract with defendants.

■ The narrow question presented by the motion to dismiss is whether—tested solely by the language of the complaint— a claim on which relief can be granted has been stated for Amalgamated. The pleading states no more than a single cause of action, and that for breach of warranty. It may well be that, in the absence of a contractual relationship, a cause of action for breach of warranty does not lie. Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 96 F.2d 597; Turner v. Edison Storage Battery Co., 248 N.Y. 73, 161 N.E. 423. Such warranty, which is merely incidental to a sale, does not run with the chattel so as to be available to a subsequent vendee on resale. But plaintiffs allege in their complaint a contractual relationship between Amalgamated and defendants of two sorts: Amalgamated as a principal to a contract made by its agent with defendants; and as third-party beneficiary of such contract. Amalgamated cannot be cast—at this stage of the proceedings—as a mere subsequent vendee. Accordingly, a claim in the alternative is asserted for Amalgamated and with Pulp, a right to a single recovery is stated so that permissive joinder is appropriate. N. Y. Civil Practice Act § 212; Rule 20, Fed. Rules Civ. Proc., 28 U.S.C.A. The motion to dismiss is denied.

The motion to strike the complaint in its entirety for lack of conciseness and simplicity is denied.