The UNITED STATES of America for the use and benefit of Sidney J. GEFEN, trading and doing business as Duval Marine Company, Plaintiff,

v.

E. G. CONN and Victor R. Conn, co-partners, trading and doing business as a partnership under the name of Conn Structors, and Peerless Casualty Company, Defendants.

Civ. A. No. 4590.

United States District Court
E. D. South Carolina,
Charleston Division.
June 29, 1956.

Coming B. Gibbs, Charleston, S. C., McCarthy Crenshaw, of Glickstein, Crenshaw & Glickstein, Jacksonville, Fla., for plaintiff.

Robert McC. Figg, Jr., Charleston, S. C., Harry S. McCowen, Atlanta, Ga., for defendants.

WILLIAMS, District Judge.

This is an action instituted under Title 40, U.S.C.A. §§ 270a and 270b, sometimes referred to as the Miller Act. Title 40 U.S.C.A. § 270b provides:

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a * * * shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him * * *."

The plaintiff's motions to strike are directed to:

(a) The defense in each answer that the use plaintiff, Gefen, has transferred and assigned to his surety, The Fidelity and Casualty Company of New York "all contract funds to which he may be entitled on account of subcontracts referred to in his complaint, and all claims on account of labor and materials furnished by him for the construction of the projects covered by the bonds sued upon," and that the said use plaintiff is not now entitled to maintain this action for the recovery of any such funds; and

(b) The defense in the answer of the defendants E. G. Conn and Victor R. Conn, co-partners, trading and doing business as a partnership under the name of Conn Structors, which alleges the pendency in the District Court of the United States for the Southern District of Florida of a bankruptcy proceeding under Chapter Ten of the Bankruptcy Act [11 U.S.C.A. § 501 et seq.], and the order of Referee in Bankruptcy Curry dated November 5, 1954, enjoining all creditors from instituting or prosecuting any action against the said defendants or their assets, and that the instant action was commenced in this Court subsequent to the order of the Referee in Bankruptcy.

At the oral hearing it was conceded by counsel for the defendants that the allegations concerning the restraining order of the Bankruptcy Court should be struck from the answer of Conn Structors.

Rule 17(a), 28 U.S.C.A., provides:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

The purpose of the "real party in interest" provision in Rule 17(a) was stated by District Judge Wyche in McWhirter v. Otis Elevator Co., D.C., 40 F. Supp. 11, 14, as follows:

"In Moore's Federal Practice under the New Federal Rules it is said at pages 2041, 2046, 2049, 2053, 2054, 2055, that:

" 'The true meaning of real party in interest is as follows: An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced. * * * The primary purpose of the real party in interest provision was to change the common-law rule that an action upon an assigned chose in action had to be prosecuted in the name of the assignor. The effect of the real party in interest provision, in respect to assignments, is that if by the substantive law an interest could be and was transferred by an assignment, a suit on the assigned chose in action must be brought in the name of the transferee. * * * The federal courts, in construing the

real party in interest provisions of various state codes, and all of the state courts, in construing their own provisions, have been in full accord in holding that the unconditional assignee of a complete chose in action is the real party in interest and suit must be brought in his name. * * *

" 'No difficulty should be encountered in finding that the assignee of a portion of a chose in action is a real party in interest. * * * At common law the partial assignee had no standing in a court, whether he sued in his own name, in the name of the assignor, or joined with the assignor in a suit upon the chose partially assigned. * * * In equity, however, where all of the interested parties could be brought into the suit the objection of added embarrassments and responsibilities to the debtor was not available, and the partial assignee was allowed to sue in his own name, joining the assignor and all other interested parties. Hence under the codes, since the partial assignee had the substantive right under the former equity practice, he is a real party in interest. The partial assignor, however, is also a real party in interest because part of his substantive right was retained. But for the protection of the debtor the partial assignee should be joined with the assignor, just as was required in equity, and the courts, under the codes, have followed the equity practice. But since the requirement of joinder is solely for the protection of the debtor, it should be imposed only upon his insistence, and failure of the debtor to make a seasonable objection to the nonjoinder of the assignor should result in a waiver of it. This result has been reached by the courts upon a realization that since the partial assignee is a real party in interest the nonjoinder of the assignor is only a defect of want

of parties that may be waived by a failure to object. The Restatement of Contracts apparently supports this view.' "

■ Counsel for plaintiff has admitted that approximately $50,000 of plaintiff's $215,000 claim has been assigned to The Fidelity and Casualty Company of New York. The Fidelity and Casualty Company of New York is claiming this amount from the proceeds of the litigation. There can be no doubt as to the assignability of the claims for labor and materials under the Miller Act. In the case of United States, to Use of Fidelity Nat. Bank of Spokane, Wash. v. Rundle, 9 Cir., 100 F. 400, 403, the court overruled an objection "that the obligation sued on was limited to the laborers and material men personally, and that their rights in respect to it could not pass by assignment", saying that "This is too narrow a construction of the legislation in question", and that "the limited construction contended for by the defendants in error might very well deprive those for whom the security was intended from realizing on their claims by assignment." In the case of United States, for Use and Benefit of Johnson v. Morley Const. Co., D.C., 17 F.Supp. 378, 387, modified on other grounds, 2 Cir., 98 F.2d 781, certiorari denied Maryland Casualty Co. v. United States, for Use and Benefit of Harrington, 305 U.S. 651, 59 S.Ct. 244, 83 L.Ed. 421, which was rendered prior to the adoption of Rule 17(a), the Court stated that the action "may be prosecuted either in the name of the assignee or the assignor". In 1954, in the case of Houston Fire & Casualty Ins. Co. v. United States by and for Use of First State Bank of Denton, Texas, 5 Cir., 217 F.2d 734, the use plaintiff was the assignee.

■■ It seems clear from these cases that where there has been a complete assignment, the use plaintiff should be the assignee and that where there has been a partial assignment, the assignor and assignee should be the use plaintiffs under the provisions of Rule 17(a). Since it has been admitted that The Fidelity and Casualty Company of New York is a partial assignee, and therefore is a necessary party to this action even though it is not an indispensable party, it is my opinion that it should be made a party plaintiff under Rule 19(b) which is as follows:

"Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

In this case, the action should be brought in the name of the United States of America for the use and benefit of Sidney J. Gefen, trading and doing business as Duval Marine Company, and The Fidelity and Casualty Company of New York as partial assignee. It is, therefore, ordered and adjudged that:

(1) Paragraph one of the answer filed by E. G. Conn and Victor R. Conn, copartners, trading and doing business under the name of Conn Structors, be struck therefrom;

(2) The motion to strike paragraph thirteen on page 4 of the answer filed by E. G. Conn and Victor R. Conn, co-

partners, trading and doing business under the name of Conn Structors, and paragraph fourteen on page 4 of the answer filed by Peerless Casualty Company is denied;

(3) The Fidelity and Casualty Company of New York be made a party-plaintiff to this action, and shall file its claim as assignee within twenty days from the service of this order.