Audrey **CHITTICK**, Subrogee of Charles Williams, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, a corporation of the State of Illinois, Defendant.

**Civ. A. No. 2001.**

United States District Court
D. Delaware.

Dec. 19, 1958.

Jackson W. Raysor (of Tunnell & Raysor), Georgetown, Del., for plaintiff.

William Prickett (of Prickett & Prickett), Wilmington, Del., for defendant.

RODNEY, District Judge.

There is here involved a motion to dismiss the action for failure to state a claim upon which relief can be granted. The motion is based upon the following facts as disclosed by the complaint. The defendant is an insurance company qualified to do business in Delaware. The defendant issued its policy insuring one Charles Williams to the extent of $10,000 against liability for personal injuries involved in the operation of an automobile. On May 14, 1955 the car driven by Williams was involved in an accident with a car driven by one Kozelski and in which one John Chittick was a passenger and in which accident Chittick was killed. Suit was brought against Williams by the widow of Chittick and the insurer, the present defendant, undertook the defense of the action. It is alleged that before or during the trial Audrey Chittick, the plaintiff in that action, offered to settle the case within the monetary limits of the policy and that the insurance company, without notification to Williams, wrongfully refused the settlement. Judgment was recovered in the action by Chittick against Williams in the sum of $40,000. It is alleged that the insurance company, the present defendant, was negligent or acted in bad faith, or both, in rejecting the offers of settlement without notifying the insured of such offers and that as a result Williams "has a cause of action against the defendant for the amount which the aforesaid judgment against him exceeds the defendant's limits of liability as set out in its policy of insurance and the plaintiff herein as the holder of said judgment is subrogated to the right of the said Charles Williams against the defendant insurance company." The plaintiff demands judgment against the defendant in the sum of $30,000.

In determining the present matter it must be attempted to differentiate any

rights of the present plaintiff from any rights that Williams may now have or have had. Williams is not a party to this proceeding and his rights, if any, cannot now be determined or concluded.

It seems to be conceded that this present action claiming $30,000 is brought to recover the difference between the judgment recovered against Williams ($40,000) and the liability of the defendant under the policy ($10,000) and is based upon the failure of the insurer to settle the matter within the monetary limits of the policy.

It seems also conceded that Williams has not paid the judgment against him and the question has been extensively argued whether the payment of the judgment by Williams is a necessary prerequisite to a suit by Williams against the insurer for the alleged negligence or bad faith in rejecting the settlement within the limits of the policy and without advising Williams of such offer. The argument was had because of its supposed relation to the alleged right of the present plaintiff as the judgment creditor to bring the action. I prefer not to consider this matter at the present juncture. If the payment of the judgment by Williams is a prerequisite to a suit by him against the insurer and it has not been paid and the present plaintiff's rights flow from Williams' rights, and rise no higher, then such fact may be determinative of this action. If, however, payment by Williams is not a prerequisite to a suit by him against the insurer, I must still consider the basis of the present plaintiff's claim.

Disposition of the present contentions must be determined by the allegations of the complaint alone. Policies of insurance of the nature here involved are sometimes classed as either liability or indemnity policies and they differ one from the other as to rights thereunder. No rights of the plaintiff as emanating from the policy of insurance itself are here relied upon and no such provisions of the policy are indicated and the policy itself is only mentioned incidentally.

The complaint merely sets out that Williams, the judgment debtor of the plaintiff, is entitled to a cause of action against his insurer, the present defendant, and that the present plaintiff is "subrogated" to the right of Williams against the defendant. The plaintiff suggests that the word "subrogated" may not be the exact term but that the right exists regardless of the term applied. It is herein attempted to discover, under the given facts, any right of action in the present plaintiff regardless of its name.

This is a diversity action and the law of Delaware must be considered. The Supreme Court of Delaware in Stilwell v. Parsons, 145 A.2d 397, 402, considered a question having some pertinency to the present matter. There an insurer conducting a defense did not settle with the injured party within the limits of the policy and a larger judgment was recovered. The Court said:

"If [the insured] has any claim against [the insurer] a matter which has as yet not been determined by litigation, that claim is one sounding in tort based on [insurer's] failure to use good faith or due care in settlement negotiations * * * prior to trial. It seems to be clear that liability of an insurance carrier to its policyholder in excess of policy limits is based on the tortious conduct of the insurance carrier, which under the policy has sole control of the defense."

If then any right of the insured under the given circumstances be in the nature of an action of tort, then any alleged or claimed right of the present plaintiff for the same relief and based upon the same facts must be of similar nature. Attention then must be given to the question as to whether any action of tort on behalf of the present plaintiff arises (a) by reason of any supposed wrong to her as separate and distinguished from any wrong done to the insured and (b) any wrong to the plaintiff arising from the wrong to the insured and accruing in some manner to

the plaintiff from or through the insured himself.

(a) The plaintiff claims no right in herself as arising from the policy. The insurer owed no duty to the plaintiff other than as arising from the policy and it is difficult to see how the present plaintiff could have been injured by any alleged action of the insurer. If the insurer had notified the insured of the offer of settlement and accepted the settlement within the limits of the policy, any recovery by the plaintiff would have been limited thereto and there would have been no judgment as subsequently obtained. To constitute an actionable tort there must be a legal duty owing by the defendant to the one injured and in the absence of such duty the damage has always been termed "damnum absque injuria".

(b) It can be assumed from the facts stated in the complaint that Williams, the insured, might have or have had a right of action against the insurer subject to the defenses to be raised in such action. The claim of the insured might conceivably include not only the amount by which the judgment exceeded the limitation of the policy but any other proven damage suffered by the insured. It is this right of action of the insured that the plaintiff claims has, in some manner, become vested in her. No assignment, substitution or other transfer by the insured has been suggested but the term "subrogated" is used in the complaint. Subrogation is, in essence, an equitable assignment and is usually typified by the example of a surety or other party secondarily liable who pays the debt of the principal debtor and is considered as an equitable assignee or as subrogated to the right of the creditor. The very term means a substitution and leaves no right in the party whose interest is subrogated. In the present case if the plaintiff should be considered as subrogated to the right of Williams then Williams has no further right and for this it is difficult to find any basis and, indeed, this question in his absence, cannot be determined.

I think there is no subrogation in the present case as that term is used in the law and I am referred to no other principle sustaining the present action. It is true that the plaintiff is a judgment creditor of Williams but that fact alone transfers no more rights than may exist in Williams than would be accorded to any other judgment creditor that may have a claim against Williams.

It remains then to consider the authorities relied on by the plaintiff.

The plaintiff has cited with apparent reliance Beacon Lamp Co. v. Travellers' Insurance Co., 61 N.J.Eq. 59, 47 A. 579; Kleinschmit v. Farmers Mutual Hail Ins. Co., 8 Cir., 101 F.2d 987 and 8 Appleman Insurance Law & Pr., Chap. 201, Sec. 4831. To these may be added Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852.

The case of Beacon Lamp Co. v. Travellers' Insurance Co., 61 N.J.Eq. 59, 47 A. 579, is much relied upon by the plaintiff. This case and its report on appeal, with its caption of Moses v. Travellers' Insurance Co., 63 N.J.Eq. 260, 49 A. 720, has been carefully considered but its relevancy is not apparent. That case did not concern at all any liability over and above the monetary limitation of the policy and involved practically none of the questions here involved. In that case immediately after a judgment was recovered by the injured person against the insured, the insured became a bankrupt and turned over all its property and rights to the Trustee in Bankruptcy. The policy provided indemnity to the insured after the insured had paid the creditor. The appellate court considered the bankrupt's transfer to the Trustee as a pro tanto payment in kind and the Trustee, by its bill against the insurer having prayed that the liability of the insurer be paid to the injured party, the judgment creditor, the Court said this amounted to an equitable assignment giving the right to recover to the injured party.

In both the Kleinschmit case and in Auto Indemnity v. Shaw, supra, the

Courts considered the rights of the injured party to be contractual rights growing out of express terms of the policies as set out in the reported cases. No analogous contractual provisions are here relied upon. The cited cases did not consider at all the contrasting and entirely distinct grounds of liability of an insurer as constituting (a) the contractual liability of the insurer within the monetary limits of the policy with this liability, under the terms of the contract, being available either to the insured or the injured party and (b) the tortious liability of an insurer which may have violated a personal duty to the insured to conduct the trial with due care and without negligence. This latter liability is not confined to the monetary limits of the policy and, while having some relation to the policy, is not a contractual right as growing out of the policy but a personal tort against the insured for a violation of a duty owed to him.

In 8 Appleman Insurance Law & Pr., Chap. 201, Sec. 4831 there does appear this statement:

"An injured third party who has recovered a judgment against the insured generally has been held to be subrogated to the rights of the latter and he can maintain an action directly against the liability insurer."

The generality of this statement may be somewhat misleading. If it is confined to a liability within the monetary limits of the policy then, perhaps, the statement may be fully accepted. A careful inspection of the sustaining cases does not disclose any which involved a claim for an amount exceeding the limits of the policy and based upon a tort committed by the insurer and involving a personal duty owed to the insured by the insurer.

Upon the contrary, several cases have specifically passed upon the question here involved and reached conclusion in harmony with the views of this Court.

In Duncan v. Lumbermans Mutual Casualty Co., 1941, 91 N.H. 349, 23 A.2d 325, the injured party having recovered a judgment against the insured brought suit in the name of the insured and as "plaintiff in interest" against the insurer for negligence in failing to adjust the claim where the judgment exceeded the limitations of the policy. The Court held that while the insured might have an action based on the negligent failure to adjust the claim, the injured person had no such right of action.

In Francis v. Newton, 75 Ga.App. 341, 43 S.E.2d 282 (cert. denied) the injured party having recovered a judgment against the insured in excess of the limits of the policy sought by garnishment proceedings against the insurer to collect the excess because of the negligence of the insurer in failing to adjust the claim. This right was denied.

Wessing v. American Indemnity Co. of Galveston, Tex., D.C.W.D.Mo.1955, 127 F.Supp. 775, was a consolidation of two cases, one by the insured (Wessing) and the other by the injured person (Douglas) who was also a judgment creditor of Wessing. Both actions sought recovery in tort from the insurer based upon its bad faith in failing to settle the Douglas claim within the monetary limits of the insurance policy issued to Wessing. As in the present case motions to dismiss for failure to state a claim upon which relief may be granted were filed under Rule 12(b) (6) F.R.Civ.P., 28 U.S.C.A. The motion to dismiss in the Wessing case (being that of the insured against the insurer) was denied, holding there was such right of action. The motion to dismiss in the Douglas case (being that of the injured person and judgment creditor) was sustained, holding there was no such right of action. The conclusion in the Douglas case was based upon the reasoning relied upon in the present case and the two cases seem indistinguishable.

The motion to dismiss must be granted and an appropriate order may be submitted.