ATLANTIC CITY, a municipal corpora-
tion of the State of New Jersey, and
Andrew Caporossi, Plaintiffs,

v.

AMERICAN CASUALTY INSURANCE
COMPANY, a corporation of the Com-
monwealth of Pennsylvania, Defendant.

Civ. A. No. 1131–65.

United States District Court
D. New Jersey.

May 26, 1966.

As Amended June 6, 1966.

Campbell, Mangini, Foley & Lee, by Ralph W. Campbell, Asbury Park, N. J., for plaintiffs.

Richman, Berry & Ferren, by Grover C. Richman, Jr., Camden, N. J., for defendant.

## OPINION

COHEN, District Judge:

The present action is the aftermath of a negligence suit in which plaintiff, Andrew Caporossi, recovered a judgment after jury trial in the amount of $600,-000.00 against Atlantic City for personal injuries sustained while bathing at its beach. The complaint alleges that a liability insurance policy existed between the defendant, American Casualty Insurance Company (Insurer), and the present plaintiff, Atlantic City (Insured), with policy limits of $100,000.00, under the terms of which Insurer undertook investigation and defense of the suit on behalf of the Insured. It is alleged further that Atlantic City made repeated demands upon Insurer to negotiate settlement of the suit within the extent of the policy limits, but that it refused to do so in good faith and thereby breached its duty to the Insured. Both plaintiffs, here, were adversaries in the negligence trial. Counsel representing Caporossi, and Atlantic City, the Insured, represented by its City Solicitor, proposed to counsel for the Insurer a settlement of the suit for the amount of $350,000.00, of which the policy limit of $100,000.00 was to be contributed voluntarily, by the Insurer, and $250,000.00 by the Insured. When the Insurer rejected this proposal, the Insured, recognizing the Insurer's exclusive control over settlement negotiations and trial under the terms of its policy, independently executed, prior to trial, an agreement with Caporossi, whereby the City settled its liability with him for $250,-000.00, and in consideration therefor partially assigned to him a share in any cause of action it might have against the Insurer to recover the excess of any judgment over the policy limits.

Defendant Insurer moves against Caporossi for an order dismissing his complaint under Rule 12(b) (6) F.R.Civ.P. 28 U.S.C., for failure to state a claim

upon which relief can be granted. It asserts that the complaint alleges no contractual rights with, or duty owed to, Caporossi which were breached, nor any damages proximately resulting from any such breach.

Caporossi counters, claiming to be a "proper party" as a judgment creditor of the Insured, as well as a "real party in interest" by virtue of his status as an assignee of the Insured.

■■ This is a diversity action and we must look to the substantive law of New Jersey, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to determine whether Caporossi has a right to maintain this direct action against the Insurer. While he was not a contractual party to the policy of insurance, upon sustaining injury through the fault of the Insured, certain rights under the policy accrued to him. In re Estate of Gardinier, 40 N.J. 261, 191 A. 2d 294 (1963). As stated by Chief Justice Weintraub, at page 265, 191 A.2d at page 296:

> "Moreover the issuance of the policy was not a wholly private matter between the insurer and the deceased, for our Legislature almost 40 years ago expressed its interest in the subject by providing for an action by the victim upon the policy after judgment against the insured. R.S. 17:28–2, N.J.S.A. Accordingly, upon the happening of an accident the injured third party acquired an interest in the policy that cannot be foreclosed by litigation or agreement between insurer and insured alone." (citing authorities)

■ Thus, Caporossi having such an interest arising under the policy can independently seek redress against the Insurer for its alleged breach of the terms of such policy where the Insurer fails to exercise good faith in an effort to negotiate a settlement within the policy limits. While it is true, as contended by defendant, that the rights of the judgment creditor under the policy are purely derivative, arising no higher than those of the assured, Constant v. Pacific Nat'l Ins. Co., 84 N.J.Super. 211, 216, 201 A.2d 405 (Law Div.1964), nevertheless, by this derivative status "the judgment creditor * * * injured by the assured obviously is an interested party in any and all proceedings which are held to determine or construe the validity of the insurer's liability under the policy." Constant, supra, pp. 216–217, 201 A.2d p. 408.

■ The contract of insurance in question provided, among other terms, for the Insurer to take complete control of the investigation, preparation and defense of claims against the Insured, and for the disposition of claims and suits within the policy limits. It is alleged in the complaint that this it failed to do in "bad faith," and thereby breached its contract of insurance, giving rise to a cause of action for subjecting the Insured to a judgment in excess of the policy limits. On its face, this states a cause of action for which relief can be granted. Radio Taxi Service Co., Inc. v. Lincoln Mut. Ins. Co., 31 N.J. 299, 157 A.2d 319 (1960).

■ Caporossi's standing to maintain such a suit for a judgment in excess of the policy limits, by virtue of a "partial" assignment to him by Atlantic City, does not appear upon the face of the complaint. Rather, this is asserted by way of memorandum filed in opposition to the motion to dismiss. In any event, he is a third party beneficiary of the contract of insurance and may bring an action for the alleged breach thereof resulting in an excess judgment. R.S. 2A:15–2, N.J.S.A., provides for suit by a person for whose benefit a contract is made. One of the implicit terms of the policy was that the Insurer would attempt in good faith to negotiate a settlement within its policy limits. This is a right vested in both the Insured and the injured party, and both seek the same remedy in the complaint. Beacon Lamp Co. and Moses v. Travelers Ins. Co. and Bardzik, 61 N.J.Eq. 59, 47 A. 579 (Chanc.1900). On appeal, entitled Travellers' Ins. Co. v. Moses, 63 N.J.Eq.

260, 49 A. 720 (E. & A. 1901), the cross claim of the judgment creditor (Bardzik) was sustained on the ground that an equitable assignment arose when the judgment creditor sought payment as the alternate of the insured. In the instant case, judgment is sought by the plaintiffs as assured and judgment creditor, jointly, severally, or in the alternative, based upon a cause of action arising out of a transaction, containing a common question of law and fact involving all the interested parties. F.R.Civ.P. 19(a), 28 U.S.C.; United States Fidelity & Guar. Co. v. Ditoro, 206 F.Supp. 528 (D.C. Pa.1962).

 Additionally, Caporossi asserts that he is a real party in interest by virtue of a "partial" assignment from his co-plaintiff. The Insured did not attempt to assign the policy of insurance to him, a prohibition of which was contained in the policy, nor its entire cause of action. It partially assigned, for a consideration of $250,000.00, such rights as it had for breach of contract entitling it to recovery of damages in excess of the policy limits. To this extent, Caporossi is a real party in interest. Being possessed of vested rights, both the partial assignee and partial assignor of a chose in action are necessary parties, although not indispensable, for a judgment can completely determine the rights of either alone. Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9 Cir. 1961); 3 Moore's Fed.Pract. (2d ed. 1964) ¶ 19.14 [1] p. 2178.

 Defendant relies heavily upon the case of Chittick v. State Farm Mutual Automobile Ins. Co., 170 F.Supp. 276 (D.C.Del.1958) as being on point in declaring that a judgment creditor of an assured has no standing to sue the Insurer directly. That case is distinguishable. In *Chittick*, the complaint alleged subrogation to the rights of the assured by operation of law. The Court dismissed the creditor's complaint, stating that such a construction would effectively displace the assured and there would be no basis for determining the question of excess in the assured's absence from the suit, he not being a party thereto. But the Court was careful to point out (at page 279):

> "It is this right of action of the insured that the plaintiff claims has, in some manner, become vested in her. No assignment, substitution or other transfer by the insured has been suggested but the term 'subrogated' is used in the complaint."

Clearly *Chittick* intimates that a vested interest by way of assignment, as in the instant case, would demonstrate a suable right in an assignee and take the case outside of its ruling. In the instant case Caporossi, as both judgment creditor and partial assignee of a chose in action states his cause of action, together with the assignor, jointly, severally and in the alternative. Under these circumstances, it is both permissible and proper for the plaintiffs to join their causes of action. Sampson v. Thomas, 76 F.Supp. 691 (E.D.Mich.1948); Amalgamated Packaging Indus., Lt'd v. National Container Corp., 14 F.R.D. 194 (S.D.N.Y. 1953); United States v. Conn, 19 F.R.D. 274 (D.C.S.C.1956); United States for Use and Benefit of Allen Construction Corp. v. Verrier, 179 F.Supp. 336 (D.C. Me.1959); Rule 19(b), F.R.Civ.P., 28 U.S.C. One of the avowed objectives of the liberalized Federal Rules of Civil Procedure was to simplify actions and bring all interested parties before the court in one action, where joinder in a diversity case would not defeat jurisdictional and venue provisions. United States Fidelity & Guar. Co. v. Ditoro, supra; Wessing v. American Indemnity Co. of Galveston, Tex., 127 F.Supp. 775 (D.C.Mo.1955). As provided by Rule 20(a), F.R.Civ.P., 28 U.S.C., "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

 Defendant raises in an oblique way the question of damages to Capo-

rossi on the face of the complaint, contending he was not damaged by defendant's failure to settle for its policy limits, since Caporossi received a judgment of half a million dollars in excess of such limits. Such a rationalization is mystical on this motion, for we must accept the allegation of fact that if Atlantic City was subjected to such a judgment as could have been avoided by the Insurer's exercise of "good faith," in settlement within its policy limit, then its cause of action accrued at that point. *Radio Taxi*, supra. Both Caporossi and Atlantic City were willing to settle the negligence claim before and during trial for $350,000.00, if the Insurer cooperated. It did not. Atlantic City then had a chose in action which was subject to assignment; it did in fact partially assign this for $250,000.00, in consideration for buying its peace with Caporossi, conditioned upon a voluntary additional contribution of the $100,000.00 policy limit, rather than run the risk of an even larger excess judgment. The latter potentiality became a concrete reality. They were obliged to proceed to verdict and judgment in amount far in excess of both the policy limit and the proposed settlement figure. The issue of "good faith" raised in the complaint couples with it the question of damages as to each plaintiff. Whether the assignment arrangement between the prior adverse parties restricts the effect or measure of damages in this excess judgment action is not an issue presently before the Court.

In conclusion, the allegations of the complaint taken in a light most favorable to the pleader Caporossi meet the legal test of sufficiency on this motion. At least at this juncture, both plaintiffs assert real and mature claims for damages. Of course, such damages, as are alleged, are always matters of proof. Therefore, the motion to dismiss the complaint as to plaintiff Caporossi will be denied.

Counsel for plaintiff shall submit an appropriate order.