ALFRED J. CHICOINE, JR., *vs.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY & another.[1]

Worcester.   January 4, 1967. — February 3, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ

*Insurance*, Motor vehicle liability insurance, Insurer's duty respecting settlement. *Contract*, Parties.

In an action at law against the insurer under a policy of motor vehicle liability insurance by one who had recovered judgment, in an amount greatly in excess of the policy limit, against the insured for personal injuries arising from the operation of the automobile covered by the policy, no cause of action was stated by a declaration alleging that in the action against the insured the insurer negligently, in bad faith, and without regard for the insured's interests refused to make a settlement within the policy limit and therefore owed the plaintiff the balance of his judgment remaining unpaid after the insurer had paid the plaintiff the policy limit.

TORT OR CONTRACT.   Writ in the Superior Court dated November 16, 1965.

---

[1] Warren H. Greer.

A demurrer to the declaration was sustained by *Bolster, J.*

*Thomas S. Carey,* for the plaintiff, submitted a brief.

*John B. Killilea* (*David B. Avery* with him) for the defendant State Farm Mutual Automobile Insurance Company.

WILKINS, C.J. In this action of tort or contract a demurrer to the declaration was sustained for failure to state a cause of action. The plaintiff appealed.

The lengthy declaration alleges the following: In a policy insuring the defendant Warren H. Greer the defendant insurer agreed to pay all sums, but not more than $26,336.10, which Greer should become obligated to pay for bodily injuries sustained by any one person as a result of Greer's operation of a motor vehicle owned by Greer. On October 13, 1961, the plaintiff Chicoine, Jr., was injured by Greer's negligent operation of his motor vehicle, and Chicoine, Sr., became liable for his son's medical and hospital expenses. On November 28, 1962, Chicoine, Sr., individually and as father and next friend, brought an action against Greer. After trial, judgments were entered in favor of Chicoine, Sr., and Chicoine, Jr., respectively, for $6,922.29 and $34,267.05. The insurer paid Chicoine, Sr., $6,922.29 in full payment of the execution in his favor and $19,413.81, the limit of its obligation, on the other judgment, leaving an unpaid balance of $17,930.95 (*sic*) on that judgment. Before trial, offers of settlement were made on behalf of Chicoine, Jr., first of $50,000, and then of $40,000. The insurer offered to pay $15,000. The attorneys for the plaintiff stated that if the insurer would reveal the coverage, they would make an offer within the coverage, but the insurer refused to authorize its counsel to reveal that coverage. Greer had no counsel, was not informed of any offers made on behalf of the plaintiff, and was not advised that he should get counsel of his own. The insurer owed Greer a duty to inform him of the offers, and in its refusal to settle within the policy limits, it acted negligently, and failed to protect his rights. The insurer's decision was

made in bad faith and without regard to the rights and interests of Greer. Wherefore, the insurer owes the plaintiff $17,930.95 (sic) with interest.

A demurrer does not admit general conclusions of law or conclusions of law from facts averred. *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 563, and cases cited. The demurrer did not admit that the insurer acted other than in good faith. There was no contractual relationship between the plaintiff and the insurer. See *Mellen* v. *Whipple,* 1 Gray, 317, which was not overruled by *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92. The facts alleged did not render the insurer liable to the plaintiff for the unpaid balance of the plaintiff's damages beyond the coverage of the policy.

*Order sustaining demurrer affirmed.*