**William E. BUSH, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY,
an Illinois corporation, Defendant.**

**No. 66-1478-Civ-CA.**

United States District Court
S. D. Florida,
Miami Division.

Jan. 30, 1969.

Donald Feldman, of Feldman & Abramson, Miami, Fla., for plaintiff.

Richard B. Adams, of Dean, Adams, George & Wood, Miami, Fla., for defendant.

## MEMORANDUM OPINION

ATKINS, District Judge.

On July 14, 1966 a judgment of $24,000 was entered in the Circuit Court of Broward County, Florida, in favor of Lummie McCord Grant against William E. Bush. Bush's liability resulted from an auto accident in which Grant was injured. Allstate Insurance Company paid $10,000 of the $24,000 award because of a motor vehicle liability policy carried by Bush. Bush now brings suit against Allstate for the $14,000 difference alleging that the company is liable to him by reason of its bad faith in refusing to settle the lawsuit by Grant.

After the trial was concluded, counsel submitted proposed findings of fact and conclusions of law and helpful memoranda. The Court has carefully considered the testimony, examined the evidence and such memoranda and is otherwise fully advised in the premises.

The plaintiff William E. Bush (hereinafter Bush) is a citizen of the State of Florida. The defendant, Allstate In-

surance Company (hereinafter Allstate) is an Illinois corporation with its principal place of business in New York and Illinois. The amount in controversy obviously exceeds $10,000 exclusive of interest and costs.

 In the State of Florida an insurer is liable for the excess of a judgment over its policy limits only if it fails to exercise good faith in settlement negotiations. See Auto Mutual Indemnity Company v. Shaw, 132 Fla. 815, 184 So. 852 (1938). The threshold question in this case is whether there was an offer by the claimant Grant to settle her claim within the limits of Bush's Allstate policy. It is well settled in this jurisdiction that if the insurer has no opportunity to settle within such limits it cannot incur liability for the excess judgment. Seward v. State Farm Insurance Company, 392 F.2d 723 (5th Cir. 1968); American Fidelity Company v. Johnson, 177 So.2d 679 (1st Dist.Ct. of App., Fla., 1965). Close examination of the facts of this case reveals there was no such offer.

On the Friday afternoon prior to the Monday trial date, counsel for the claimant Grant delivered a letter to the attorneys furnished by the insurer to represent Bush. The pertinent parts of the letter stated:

> Please be advised that we hereby offer to settle this matter in full for $30,000. * * * However, although it would amount to a financial loss to our client, we would settle this litigation with you for your client's policy limits which we believe to be $20,-000. This is a firm offer of settlement for $20,000 upon proper proof of the policy limits.

Bush contends that the insurer had a duty to settle for the limits of $10,000 on the basis of this alleged offer.

This excerpt contains a firm offer to settle for $30,000, well beyond the applicable policy limits of $10,000. Claimant's attorney then equivocates and states he *would* settle for the limits, simultaneously expressing his belief that they are $20,000. The word "would" generally indicates ·intent. This intent is confirmed by counsel's last sentence which expresses a firm offer to settle for $20,000 and requires proof of the limits. Construed in its entirety this letter simply does not indicate an offer of settlement for Bush's policy limits of $10,000. Incidents prior to the state court trial confirm this conclusion.

Less than two months before the trial, Grant's attorney declined to give a settlement demand to insurer's claims representative while stating that he felt the claim had great potential and that the attorneys were "sitting on a powder keg." When insurer's representative pressed for a demand claimant's attorney mentioned $20,000. At his deposition prior to trial in the instant cause, the attorney recalled making a settlement offer of $40,000 or $50,000 to the attorney Allstate furnished Bush approximately two weeks before the Bush/Grant trial. These facts do not suggest willingness to accept $10,000 as settlement.

Further supporting this conclusion is the final offer of Grant's attorney in the personal injury action made at the charge conference before the trial judge. The offer was $18,500 and counsel was quite frank in admitting that he could not guarantee his client would accept such a settlement. He was well advised. His client's view of the value of her claim can be summed up by noting that when the jury returned a verdict of $24,000 in her favor, she sprung to her feet and screamed derisively at them.[1]

---

1. At the trial of this cause there was testimony by Grant's attorney that he made offers "more than once" to settle her claim for Bush's policy limits. This unsubstantiated testimony carries little weight in view of the incidents recounted above which were testified to by several witnesses including Grant's attorney himself.

Bush further argues that Allstate had a duty upon receipt of the above discussed letter to respond by offering or at best disclosing the policy limits. Refusal to disclose policy limits in return for an offer to settle within coverage (upon such disclosure) does not render the insurer liable for an excess judgment. Chicoine v. State Farm, etc. Insurance Company, 351 Mass. 664, 223 N.E.2d 510 (1967).

Common sense dictates that when the lowest offer of settlement made by plaintiff's attorney is almost twice policy limits and the plaintiff is dissatisfied with a judgment of two and a half times the policy limits, there was little prospect of an insurer settling within these limits. Such an opportunity was not presented in this case and as a result, Allstate, the insurer, is not liable to Bush, its insured, for the excess of the judgment against him over his policy limits.

This Memorandum Opinion shall serve in lieu of separate findings of fact and conclusions of law in this case. Counsel for the defendant is hereby directed to submit an appropriate judgment form in conformity with this Memorandum Opinion within fifteen days of the date of entry hereof.