323 So.2d 667 (1975)
William Russell BECK, Appellant,
v.
John Joseph KELLY et al., Appellees.
No. 74-1008.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Rehearing Denied January 12, 1976.
*668 Horton, Perse & Ginsberg, Hawkesworth & Schmick, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood, Steven Berger, Miami, and Joseph Grohman, Coral Gables, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff appeals a judgment entered in accordance with defendant insurer's motion for directed verdict in an action brought against the insurer for its alleged bad faith in failing to settle plaintiff's claim within the policy limits.
While standing at a bus stop, appellant, William Beck, was struck and seriously injured by an automobile operated by John Kelly. Appellee State Farm Mutual Automobile Insurance Company had issued a liability policy on Kelly's automobile. State Farm entered into negotiations with plaintiff's attorney over the possibility of settling the case for $10,000, the limit of the policy. The settlement negotiations were unsuccessful as plaintiff's attorney never indicated an acceptance or refusal of State Farm's offer to settle. The cause proceeded to trial, at the conclusion of which the jury returned a verdict for $50,000 in compensatory damages and $5,000 in punitive damages in favor of Beck and against Kelly. The judgment was partially satisfied by payment of the policy limit of $10,000 by State Farm. Beck then filed suit against State Farm to recover the $45,000 excess over the policy limits on the alleged grounds of bad faith or misconduct on the part of State Farm in failing to settle his claim for the policy limit. This cause was tried and the jury returned a verdict for $45,000 for Beck. The trial judge, having reserved ruling on State Farm's motion for directed verdict, entered judgment for State Farm in accordance therewith. This appeal follows. We affirm.
It has long been established that an insurer is liable for the excess over policy limits of a judgment against its insured if it fails in its duty to exercise good faith in the defense, handling or settlement of the claim upon which the judgment is based. Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). In cases where recovery of such excess is based upon the ground that the insurer's conduct in failing to effect a settlement within the policy limits amounts to bad faith, there can be no liability on the part of the insurer in the absence of an offer by the person claiming against the insured to settle within the policy limits. American Fidelity Fire Insurance Co. v. Johnson, Fla.App. 1965, 177 So.2d 679, cert. denied, 183 So.2d 835 (Fla. 1966); Seward v. State Farm Mutual Automobile Insurance Co., 392 F.2d 723 (5th Cir.1968).
*669 In light of the above principles of law, we find that at the most there were only negotiations with respect to a possible settlement and, in fact, there was no clear offer of settlement made by the plaintiff.
Affirmed.