370 So.2d 1162 (1979)
Mary Jane Chalke DAVIS, Earl Cosgrove and James Michael Wiley, Appellants,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a Foreign Corporation, and Allstate Insurance Company, a Foreign Corporation, Appellees.
No. KK-207.
District Court of Appeal of Florida, First District.
January 3, 1979.
Rehearings Denied June 6, 1979.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denny & Search, P.A., West Palm Beach, and Frank G. Howatt, St. Augustine, for appellants.
William R. Swain and Douglass E. Myers, Jr., of Webb, Swain & Watson, P.A., for Nationwide, and Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for Allstate, appellees.
PER CURIAM.
Appellants appeal from an order granting a motion to dismiss with prejudice their complaint against appellee insurance companies for bad faith dealings. They contend that under the circumstances of this case an allegation of an offer to settle within policy limits was not a prerequisite for their suit against the insurer for an excess verdict. We agree and reverse.
*1163 Appellants were involved in an automobile accident. Davis, the negligent driver, was insured by Nationwide for $25,000; Cosgrove, the owner of the car, was insured by Allstate for $15,000; and Wiley was the injured party. Appellants alleged that both insurance companies were represented by the same attorney, Tygart, and that he deceived all of the parties concerning the extent of coverage under the insurance. They contend that he assisted in preparing answers to interrogatories which stated that the insurance coverage was only the $15,000 on the Allstate policy and also stated the limits as $15,000 in a pre-trial stipulation concerning the liability coverage. Since there was a medical lien of $18,000, appellants allege that this misrepresentation and deceit on the part of the attorney and the insurance companies foreclosed settlement negotiations and prevented an offer of settlement. They claim that only after a judgment was entered for $240,000 and the insurance companies limited their liability to $40,000 did any of the plaintiffs in this action know of the additional $25,000 coverage.
Appellants brought suit against the attorney and the insurance companies alleging bad faith dealings and asked for punitive damages. The complaint acknowledged that Wiley had never made a settlement offer and claimed Tygart made it clear that Allstate would not be interested in accepting any demand for settlement or in making any offer of settlement. Further, they claim that Tygart told the insurance companies, but not the insureds, of the substantial injuries and of the potential excess verdict. Further, they allege that had the insurance companies and the attorney disclosed that the insurance limit was $40,000 instead of just $15,000, an amount below even the medical lien, the plaintiff in the prior action, Wiley, would have entered into settlement negotiations and that this would have benefitted all of them. The insurance companies filed a motion to dismiss on the grounds that there was no allegation of a demand to settle by Wiley and the court granted the dismissal with prejudice.
The trial court was correct in determining that the general rule under the case law of this state is that insurance companies will not be liable for an excess verdict if there is no offer of settlement within the policy limits. Cheek v. Agricultural Ins. Co. of Watertown, 432 F.2d 1267 (5th Cir.1970); Seward v. State Farm Mutual Automobile Insurance Co., 392 F.2d 723 (5th Cir.1968); Bush v. Allstate Insurance Company, 296 F. Supp. 368 (S.D.Fla. 1969), aff'd, 425 F.2d 393 (5th Cir.), cert. den. 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64; Chastain v. Federal Insurance Co., 338 So.2d 214 (Fla. 3d DCA 1976), cert. den., 352 So.2d 169; Beck v. Kelly, 323 So.2d 667 (Fla. 3d DCA 1975); American Fidelity Fire Insurance Co. v. Johnson, 177 So.2d 679 (Fla. 1st DCA 1965). However, we believe the facts of this case are distinguishable because of the alleged misrepresentation of the insurance coverage. We agree with the holding in Thomas v. Western World Insurance Company, 343 So.2d 1298 (Fla. 2d DCA 1977), that under some circumstances the offer of settlement is not a prerequisite to excess liability.
In view of the allegations that the attorney represented both companies, that he misrepresented the coverage, and that there would have been an offer of settlement had the true liability limits been revealed, we consider that the complaint states a cause of action sufficient to withstand a motion to dismiss.
Reversed.
McCORD, C.J., and ERVIN and MELVIN, JJ., concur.