31582.  FRANCIS *v.* NEWTON *et al.*

DECIDED MAY 29, 1947.  REHEARING DENIED JUNE 27, 1947.

*G. Seals Aiken,* for plaintiff.

*Sidney Smith, R. M. Maxwell, Matthews, Long & Moore,* for defendants.

SUTTON, C. J. (After stating the foregoing facts.) ■ While an automobile liability insurance company may be held liable for damages to its insured for failing to adjust or compromise a claim covered by its policy of insurance, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured (Cavanaugh Bros. *v.* General Accident Fire & Life Assurance Corp., 79 N. H. 186, 106 Atl. 604; Douglas *v.* U. S. Fidelity & Guaranty Co., 81 N. H.

371, 127 Atl. 708, 37 A. L. R. 1477; Tiger River Pine Co. *v.* Maryland Casualty Co., 163 S. C. 229, 161 S. E. 491; Tiger River Pine Co. *v.* Maryland Casualty Co., 170 S. C. 286, 170 S. E. 346; J. Spang Baking Co. *v.* Trinity Universal Insurance Co. (Ohio App.) 68 N. E. 2d, 122; American Mutual Liability Insurance Co. *v.* Cooper, 61 Fed. 2d, 446; Maryland Casualty Co. *v.* Elmira Coal Co., 69 Fed. 2d, 616) ; it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the negligence or bad faith of the insurer towards its policyholder in failing to adjust or compromise a claim against such policyholder, for the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders. In this connection, see Duncan *v.* Lumbermen's Mutual Casualty Co., 91 N. H. 349 (23 Atl. 2d, 325). A motion to nonsuit is in the nature of a demurrer to the evidence, and should not be granted where there is any evidence to support the plaintiff's action or where the jury could fairly infer from the evidence a state of facts favorable to the plaintiff. *Hawkins* v. *National Surety Corp.*, 63 *Ga. App.* 367, 371 (11 S. E. 2d, 250), and citations. However, where the plaintiff fails to make out a prima facie case or if admitting all the facts proved and all reasonable deductions from them the plaintiff ought not to recover, a nonsuit may be granted. Code, § 110-310; *Stenger* v. *Mitchell,* 70 *Ga. App.* 563, 565 (28 S. E. 2d, 885).

The ruling of this court in the case of *Hodges* v. *Ocean Accident & Guarantee Corp.*, 66 *Ga. App.* 431 (18 S. E. 2d, 28), cited and relied on by the plaintiff in error, does not require or authorize a different ruling from the one being made in the present case. In that case the plaintiff sued and recovered a judgment against G. F. Langran due to Langran's negligence in operating an automobile. Upon Langran's failure to pay the judgment, the plaintiff sued out a garnishment against his employer's insurer, contending that Langran was insured against liability under the terms of the policy issued to his employer. On the trial it appeared that Langran was only insured while he was operating the car with the

permission of the employer and that at the time of the accident he did not have permission of the insured to use the automobile and was not an additional insured under the terms of the policy, and the court properly directed a verdict in favor of the insurance carrier, the garnishee in that case. In the present case, it affirmatively appears that the limit of liability provided in the policy to each person injured by the insured was $5000 and that the insurer, after the judgment had been obtained against the insured, had paid that amount and interest thereon into court and that these sums had been credited on the plaintiff's judgment against the defendants. There is no contention by the insured that the insurer was negligent or failed to exercise good faith towards her in handling the claims of the plaintiff and his father against her, and the evidence does not authorize a finding that the insurer violated any legal duty it owed to the plaintiff by failing to adjust or compromise his claim against the insured or in defending his action against the insured as it was authorized to do under the terms of its contract with the insured.

The evidence and all reasonable deductions therefrom demanded a finding that the garnishee was not indebted to either of the defendants at the time of the service of the summons of garnishment upon it and that no money, property or effects of the defendants had come into its possession since said service, and the trial judge did not err in so holding and in granting the motion of nonsuit.

The above ruling is controlling in this case, and it is not necessary to pass on the other assignments of error.

*Judgment affirmed. Felton and Parker, JJ., concur.*

ON MOTION FOR REHEARING.

SUTTON, C. J. The additional authorities cited by the plaintiff in error on the motion for a rehearing are merely cumulative of those cited in his original brief and are to the effect that the holder of a judgment against a person covered by an insurance policy may proceed against the insurance company by garnishment to the extent of such company's liability under the policy. This feature of the case was fully dealt with in the original opinion. In the present case, the amount due under the provisions of the policy was paid to the plaintiff before the garnishment issued.

The fact that it now develops that Mrs. Newton, who was one of the defendants in the main case, died several years ago is not ground for reversing the judgment of the trial court in the present garnishment proceedings, which is a separate and distinct case from that in aid of which it was instituted. *Jones* v. *Maril,* 19 *Ga. App.* 216 (91 S. E. 445).

The motion for rehearing is denied.

*Felton and Parker, JJ., concur.*