[No. 35094. Department One. October 13, 1960.]

EDWARD F. MURRAY, JR., *et al., Appellants,* v. CHARLES D. MOSSMAN, *Defendant,* AETNA CASUALTY & SURETY COMPANY, *Respondent.*[1]

*Brodie & Fristoe* and *John J. Kennett,* for appellants.
*O'Leary, Meyer & O'Leary,* for respondent.

HILL, J.—This is an appeal from an order dismissing a writ of garnishment, and presents an issue of first impression in this state.

The appellants, Edward F. Murray, Jr., and Margaret Murray, his wife, claim that their judgment debtor, Charles D. Mossman, has a cause of action against the respondent,

[1]Reported in 355 P. (2d) 985.

Aetna Casualty & Surety Company (hereinafter called the insurance company), because the latter, through negligence or bad faith, failed to avail itself of an opportunity to settle the case: within the limits of liability contained in the insurance policy which it had issued to Mossman. To avail itself of this chose-in-action belonging to Mossman, the appellants caused a writ of garnishment to issue against the insurance company and now claim that they are entitled to try out in the garnishment proceeding—on the basis of a controverted answer—the merits of the cause of action between Mossman and the insurance company.

We shall not attempt to state the figures relative to the interest and costs which are involved; suffice it to say the Murrays recovered a judgment against Mossman for damages, resulting from an automobile collision, in the sum of $18,972, which judgment was affirmed by this court. *Murray v. Mossman* (1958), 52 Wn. (2d) 885, 329 P. (2d) 1089.

In answer to the writ of garnishment, the insurance company conceded all liability within the limits of its policy and later paid that amount into court, together with interest and costs; more than eight thousand dollars of the judgment remains unpaid.

The appellants, by affidavit, controverted the answer and asserted the claim that the insurance company was liable to Mossman for the difference between the amount of the judgment and the amount of the liability within its policy limits—based upon allegations that the insurance company had conceded liability and defended on the issue of damages only—and that it was in possession of information by way of depositions, both of lay and medical testimony, showing that the appellant Margaret Murray had suffered substantial and permanent injuries and that it

" . . . acted in bad faith in not accepting the offer . . . to settle within the policy limits; . . . [and] exercised bad faith and was negligent in failing to protect and safeguard the interests of the defendant, Charles D. Mossman, on an equal basis with their own."

. The appellants thereafter made the further contention that they were third party beneficiaries, with respect to the liability insurance, and entitled to litigate the issue of the liability of the insurance company in the garnishment proceeding. The record shows that the appellants have, since this appeal was instituted, commenced an action against the insurance company on the theory that, as third party beneficiaries, they are entitled to maintain such an action.

The appellants' assignment of error is that the court erred in dismissing the writ of garnishment without a hearing on the merits.

■ With great unanimity the cases hold that an insurance company which has paid a judgment against its insured to the extent of its liability under the policy of insurance, may be held liable for damages to its insured for a failure to adjust or compromise the claim within the limits of liability, if that failure is attributable to negligence or bad faith (*Evans v. Continental Cas. Co.* (1952), 40 Wn. (2d) 614, 245 P. (2d) 470); and with substantial unanimity they hold that such an action against the insurance company will lie regardless of whether or not the insured has paid or can pay the portion of the judgment which is in excess of the limits of liability in the insurance policy. *Comunale v. Traders & General Ins. Co.* (1958), 50 Cal. (2d) 654, 328 P. (2d) 198; *Brown v. Guarantee Ins. Co.* (1957), 155 Cal. App. (2d) 679, 319 P. (2d) 69, 66 A. L. R. (2d) 1202; *Wessing v. American Indemnity Co.* (1955 D. C. Mo.), 127 F. Supp. 775.

■ It does not follow, however, that the judgment creditor may complain of the negligence or the bad faith of the insurance company toward its insured. Whether the judgment creditor has proceeded directly against the insurance company, or, as in this case, via a writ of garnishment, it has been held (with exceptions based on specific policy provisions[2]) that the judgment creditor is not entitled

---

[2]Some policies have contained a provision that claimant, after writ of execution against the insured is returned unsatisfied, may recover against the insurance company *to the same extent as could the*

to try out the issue of the liability of the insurance company to its insured. *Chittick v. State Farm Mut. Automobile Ins. Co.* (1958), 170 F. Supp. 276; *Paul v. Kirkendall* (1957), 6 Utah (2d) 256, 311 P. (2d) 376; *Wessing v. American Indemnity Co., supra; Francis v. Newton* (1947), 75 Ga. App. 341, 43 S. E. (2d) 282; *Duncan v. Lumbermen's Mut. & Cas. Co.* (1941), 91 N. H. 349, 23 A. (2d) 325.

The cases assign different reasons for the result attained, but, basically, it is that the insured's right of recovery against the insurance company sounds in tort, and is bottomed on negligence or bad faith. *Evans v. Continental Cas. Co., supra.* For the company's conduct to be legally wrongful, it must contravene some duty which the law attaches to the relationship between the parties. Liability for negligence is imposed only for injuries resulting from the particular hazard against which the duty of due care required protection to be given. The duty of an insurance company to protect its insured in the settlement of claims cannot consistently be extended to include protection to one who is prosecuting a claim against the insured. *Duncan v. Lumbermen's Mut. & Cas. Co., supra.* Likewise, the duty of the insurance company to use good faith in the handling of a claim against the insured springs from a fiduciary relationship that is entirely lacking between the person injured and the insurance company. *Francis v. Newton, supra.*

 All of the injured party's rights, as a third party beneficiary or express rights given by the policy to claimants, have been protected in cases where a judgment creditor attempts to hold the insurance company for excess liability. He has received what he was entitled to receive as a beneficiary of the contract, *i.e.,* the full measure of protection afforded by the policy within the designated limits; and has, in addition thereto, received a substantial judgment

---

*insured if he had paid the judgment.* Such provision has been construed as applying to the recovery to which insured would have been entitled under the doctrine of excess liability. *Kleinschmit v. Farmers Mut. Hail Ins. Ass'n* (8th Cir. 1939), 101 F. (2d) 987; *Auto Mut. Indemnity Co. v. Shaw* (1938), 134 Fla. 815, 184 So. 852. See note, 67 Harv. L. Rev. 1136 at page 1175, and annotation in 40 A. L. R. (2d) 168 at page 195, § 9.

in excess of the limits of the insurance policy which he would not have had but for the negligence or bad faith of the insurer in refusing to settle. As pointed out in *Wessing v. American Indemnity Co., supra,*

" . . . her complaint shows that had her offer to settle been accepted she would have gotten $15,000, but, because it was rejected, her cause went to trial and she obtained a $47,500 judgment, $15,000 of which has been paid. Thus, she did not lose, but stands to benefit, by the failure of the defendant to accept her offer of settlement." (p. 782)

As Professor Robert S. Keeton, in his comprehensive article published in 1954 (67 Harv. L. Rev. 1136) says (pp. 1175, 1176),

" . . . the courts have declined, as to the cause of action in excess of policy limits, to permit direct recovery by claimant against company. The excess liability of company arises out of the relationship between insured and company. Claimant is a stranger to that relationship. Not only is company without any duty to claimant to accept claimant's reasonable settlement offer, but also, if there is a sizable disparity between the settlement offer and the amount of the judgment obtained in the trial which follows refusal of the offer, claimant is benefited rather than harmed by company's refusal to settle. It would therefore be anomalous to permit claimant to recover directly against company in his own right. . . ."

(Professor Keeton calls attention to the exception to this statement in those cases where there is a policy provision similar to those discussed in note.[2])

There is no suggestion of a policy provision in this case which would give the injured party a cause of action for the breach of the insurer's obligation to its insured. The appellants in their reply brief concede that

"The issue is therefore narrowed to the single question of whether an injured third party judgment creditor may bring an action directly against the insurance company in the original action by means of a writ of garnishment on a claim for extension of insurance limits."

The Utah Supreme Court in the case of *Paul v. Kirkendall, supra,* under almost identical circumstances to those in the present case, said that—assuming that the facts

alleged would support a judgment by the insured against the insurance company for its failure to settle within the policy limits—

" . . . that chose in action must be processed by defendant's [insured's] instituting an action in court against the garnishee where all rights and issues may be determined and cannot be litigated in the garnishment proceeding." (p. 262)

Appellants' suggestion that Mossman is now before the court in the garnishment proceeding, because he did not controvert the answer of the garnishee, serves only to accentuate the difficulty of the appellants' position. If Mossman was in accord with the answer of the garnishee, he was under no obligation to controvert it. The appellants are trying to enforce a chose-in-action for Mossman, which Mossman does not believe exists or is unwilling to enforce.

The trial court's order dismissing the writ of garnishment is affirmed.

WEAVER, C. J., MALLERY, FOSTER, and HUNTER, JJ., concur.

---

December 12, 1960. Petition for rehearing denied.