Mrs. Catherine May **DIERMAYER**, wife of/and Lloyd George Van Geffen, Appellants,

v.

**NATIONAL UNION INDEMNITY COMPANY**, Appellee.

No. 19170.

United States Court of Appeals Fifth Circuit.

Feb. 19, 1962.

Thomas Barr, III, New Orleans, La., for appellants.

Breard Snellings, Curtis R. Boisfontaine, Sessions, Fishman, Rosenson & Snellings, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing a direct action against an insurance company for personal injury caused to the plaintiffs. The limit of the policy coverage was $5,000.[1] The defendant insurance company moved to dismiss for want of jurisdictional amount. The trial court granted the motion.

The appellants, with permission of the court, filed no brief but on oral argument maintained that the company had negligently, or in bad faith, failed to settle the claim against the insured, and that this cancelled out the policy limits. The suit was filed for $129,000.00.

The theory advanced by the appellants that the insurance company's liability to them under a direct action statute can be increased above the policy limits because the company failed to settle the claim against the insured tort feasor in good faith is without precedent to support it. The only cases called to our attention touching on the matter hold precisely to the contrary. In the case of Francis v. Newton, 75 Ga.App. 341, 343, 344, 43 S.E.2d 282, 284, the Georgia Court stated the obvious when it observed:

"While an automobile liability insurance company may be held liable for damages to its insured for failing to adjust or compromise a claim covered by its policy of insurance, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured [citing cases], it does not follow

that a person injured by the insured and who is not a party to the insurance contract may complain of the negligence or bad faith of the insurer towards its policyholder in failing to adjust or compromise a claim against such policyholder, for the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders."

The judgment of the trial court is

Affirmed.

1. The policy provided under caption "Limits of Liability" the following:
   "The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the compa-
ny's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as a result of any one occurrence;"