ALICE J. BENNETT *v.* RAYMOND J. SLATER AND
TRAVELERS INSURANCE CO.

[No. 1-672A15. Filed November 16, 1972.]

*George N. Craig,* of Brazil, for appellant.

*Keith C. Reese, Thomas P. Ledgerwood, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

LOWDERMILK, J.—This case arises out of an original personal injury accident between Alice Bennett, plaintiff-appellant, and Raymond Slater, defendant-appellee. The cause was tried in the Clay Circuit Court in 1968, whereupon the jury returned a verdict for $20,000 for injuries sustained by the plaintiff-appellant, Bennett, in an automobile accident. The defendant-appellee, Travelers Insurance Company, was the insurer of defendant-appellee, Slater, and upon the jury verdict paid to the Clerk of the court $10,000.00, which was the policy limit.

The complaint in this cause alleges that Travelers Insurance Company offered plaintiff-appellant the sum of $1,500.00 prior to the trial of the original action, which was refused.

The complaint also alleges that the plaintiff-appellant, in return, offered to settle for $10,000.00, or the policy limit. Travelers refused to settle for this sum and allowed the suit to go to trial, whereupon the verdict for $20,000.00 was rendered by the jury. The complaint alleges that Travelers was negligent in handling the claim, in that they negligently failed and neglected to make any reasonable effort to compromise and settle the claim and that, based upon their experience, they should have known that there was a risk of recovery beyond the policy limits and that defendant, Travelers, did not give as much consideration to the interests of the insured, defendant Slater, as it gave to its own interests.

The complaint further alleges that the defendant, Slater, refused to be made a party plaintiff and likewise the record shows that service was never obtained upon him, as his whereabouts were unknown. Plaintiff joined defendant Slater, who was an unwilling plaintiff, as a party defendant, pursuant to Indiana Trial Rule 20 (A) (2). The complaint in this cause was filed in the Circuit Court of Clay County on the 23rd day of September, 1970. The defendant, Travelers Insurance Company, appellee herein, filed its motion to dismiss for failure of plaintiff to state a claim in her complaint, which motion was sustained.

A motion to correct errors was filed and overruled by the court. Plaintiff-appellant hereinafter brought this appeal.

For purposes of determining the validity of the defendant's motion to dismiss, the allegations in plaintiff's complaint in this action shall be taken as true as is agreed between the parties.

Plaintiff-appellant's motion to correct errors contains the following specifications:

1. That the decision of the court is contrary to law.

2. That the decision is not supported by sufficient evidence.

3. That the court erred in sustaining the motion to dismiss without benefit of the insurance contract between the

defendant, Raymond Slater, and Travelers Insurance Company.

The single issue in this case is whether an injured party, appellant herein, would have standing to directly sue the insurer for its negligence where the insured refuses himself to sue.

Plaintiff-appellant contends that an insurer can be held liable for a judgment in excess of the policy limits where the insurer has been guilty of negligence or bad faith in its settlement attempts. The case of *Anderson* v. *St. Paul Mercury Indemnity Co.* (7th Cir. 1965), 340 F. 2d 406, held that a suit in tort could be brought for the negligent performance by the insurer of the duty to use due care in settlement of a claim. The rule is that a liability insurer, having assumed control of the right of settlement of claims against the insured, may become liable in excess of its policy limit if it fails to exercise due care in representing its insured. *Anderson, supra,* also holds that the insured, or his trustee in bankruptcy, may bring such an action.

In the case at bar, Slater, the insured, has made no assignment of any claim he might have against Travelers for alleged negligence for failure to settle. Further, no trustee relationship is involved in this case, while *Anderson, supra,* was directly concerned with giving an insured's trustee in bankruptcy the same rights to bring suit as the bankrupt insured. While we agree that a trustee might maintain an action against the insurer and *Anderson, supra,* so holds, we distinguish that situation from the facts in this case where plaintiff-appellant has no relationship with defendant Slater other than being a judgment creditor. In our opinion, a judgment creditor is not in the same position as a trustee and *Anderson, supra,* does not hold and cannot be construed in any way to make a judgment creditor analogous to or in the same position as a trustee.

We must distinguish the case at bar from the case where a

judgment has been entered within the policy limits and the insurance company refuses to honor its policy. In a case such as the second outlined above, the insured would have a cause of action against the insurance company to enforce its policy. The case of *Shingleton* v. *Bussey* (1969), 223 So. 2d 713, states the rule that a third party beneficiary of this insurance contract is also in position to bring suit for payment under the policy. This suit could be brought directly against the insurer. In the case at bar the injured party, or under the hypothetical situation, the third party beneficiary, is not trying to sue the insurer under the policy. Instead, she is trying to make herself a third party beneficiary to a possible tort action available to the insured. It must be remembered that Travelers, appellee herein, did pay their policy limit of $10,000 as soon as the judgment was rendered against their insured, Slater.

Appellant bases her contention on the case of *Thompson* v. *Commercial Union Ins. Co. of New York* (1971), 250 So. 2d 259, which was decided by the Supreme Court of Florida. The court was faced with a situation quite simliar to the one at bar. The Florida Supreme Court restated the policy of *Shingleton, supra,* that the insured had a cause of action against his insurer for an excess judgment on the basis of fraud or bad faith of the insurer resulting from settlement attempts. The court stated that a third party beneficiary who sustained damages as a result of the acts of one of the parties to a contract made for his (claimant's) benefit also had a right to sue.

The court, in *Thompson,* in discussing the right of the claimant to sue the insurer, directly adopted the language of Wigginton, Judge of the Court of Appeals, in *Canal Insurance Co. of Greenville S. C.* v. *Sturgis* (1960), 122 So. 2d 313, as follows, to-wit:

"There is much force to the contention made by appellee that irrespective of its provisions, every automobile liability insurance policy should be construed as a third party bene-

ficiary contract entitling a judgment creditor to recover in a direct action against the *insured* for the excess of his judgment over policy limits in those cases where the insurer is guilty of negligence or bad faith in handling the claim. . . ." (Our emphasis.)

The court, in *Thompson, supra,* then held, based on the above quoted language, as follows:

". . . a judgment creditor may maintain suit directly against the tort feasor's liability *insurer* for recovery of the judgment in excess of the policy limits, based upon the alleged fraud or bad faith of the insurer in the conduct or handling of the suit. . . ." (Our emphasis.)

We have discussed the *Thompson, supra,* decision for the reason it is the only case cited by plaintiff-appellant which, in our opinion, is analogous to the case at bar. The *Thompson* case is in the minority, with a vast number of cases covering the same subject matter being to the contrary.

Travelers shelters itself under an umbrella of decisions supporting its position that the plaintiff has no standing to sue directly.

Defendant-appellee, Travelers, states that Slater has not assigned his chose in action to anyone and is not in bankruptcy. Defendant contends that plaintiff has not been injured by the alleged negligent conduct and has, in fact, seen her position enhanced. Travelers concedes that Slater might maintain an action against it for negligence, but points out that he has not done so.

Travelers cites the case of *Steen* v. *Aetna Casualty and Surety Co.* (1965), 401 P. 2d 254, which dealt with a factual situation similar to the case at bar, and the court determined that the insured might exercise its right to a cause of action against the insurer (Aetna) but the Supreme Court of Colorado also held that the claimant (Steen) could not maintain such an action. The court found that Aetna owed no duty to Steen under the insurance contract, and stated:

"As a matter of fact, by Aetna's conduct, whether justified or not, Steen was benefited rather than harmed by Aetna's refusal to settle, for rather than the lesser sums once considered acceptable by the Kornbluths [insured] for settlement, Steen already has received (or is entitled to receive) the sum of $10,000.00 paid into court under the policy for his benefit."

The United States District Court, W. D. Missouri, Central Division, speaking to a comparable situation, found no actual or justiciable controversy between the judgment creditor and the insurer. The court found that the excess liability arose from a relationship between the insurer and the insured and found no duty owed by the insurer to the creditor. The court stated:

"Hence, I fail to see how it [insurer] could be liable to her [creditor], in tort, for a breach of duty, for it owed her none."

The court went on to say that the creditor did not lose, but stood to benefit by the failure of the insurer to settle the claim prior to trial. *Wessing* v. *American Indemnity Co. of Galveston, Tex.* (1955), 127 F. Supp. 775.

The United States Circuit Court of Appeals, Fifth Circuit, in deciding another case (*Seguros Tepeyac, S. A., Compania Mexicana* v. *Bostrom* (1965), 347 F. 2d 168) which is similar to the case at bar, but interpreting Texas substantive law, found that the duty to settle runs only to the insured. The court stated as follows:

"The duty of an insurance company to protect its insured against liability cannot consistently be extended to include protection to one who is seeking to hold the insured liable."

The theory of non-liability of the insurer to the creditor has been discussed exhaustively by Professor Robert F. Keeton, as follows:

"The excess liability of company arises out of the relationship between insured and company. Claimant is a

stranger to that relationship. Not only is company without any duty to claimant to accept claimant's reasonable settlement offer, but also, if there is a sizeable disparity between the settlement offer and the amount of the judgment obtained in the trial which follows refusal of the offer, claimant is benefited rather than harmed by company's refusal to settle." Keeton, *Liability Insurance and Responsibility for Settlement*, 67 Harv. L. Rev. 1136, 1176 (1954).

With this statement the cases cited in support of Travelers' contention and this court agree. We can see of no duty owed to appellant by Travelers and cannot find support for the argument that appellant is a third party beneficiary to this duty owed by Travelers to Slater.

The following cases from many different states support the above holding: *Paul* v. *Kirkendall* (1957), 311 P. 2d 376, Utah; *Browdy* v. *State-Wide Insurance Company* (1968), 289 N. Y. S. 2d 711, New York; *Francis* v. *Newton* (1947), 75 Ga. App. 341, 43 S. E. 2d 282, Georgia; *Duncan* v. *Lumbermen's Mut. Cas. Co.* (1941), 91 N. H. 349, 23 A. 2d 325, New Hampshire; *Smith* v. *Transit Casualty Company* (1968), 281 F. Supp. 661, Texas; *Murray* v. *Mossman* (1960), 56 Wash. 2d 909, 355 P. 2d 985, Washington; *Dillingham* v. *Tri-State Insurance Co* (1964), 381 S. W. 2d 914, Tennessee; *Chittick* v. *State Farm Mutual Automobile Ins. Co.* (1958), 170 F. Supp. 276, Delaware; *Graves* v. *Southern Underwriters* (1939), 130 S.W.2d 360, Texas.

Plaintiff-appellant further contends that the doctrine of subrogation should be applied with Slater as creditor, Bennett as subrogee, and Travelers as subrogor. Plaintiff argues that she is entitled to step into the shoes of Slater and sue in his stead. However, in our opinion, subrogation does not apply here.

Subrogation in this context is an equity principal and usually limited to insurance cases. It is the basis for the concept of suretyship and is usually limited to that type of situation, i.e., where the insured subrogates his rights to sue the tortfeasor to the insurer after the insurer has paid the claim under

the policy to the insured. Every subrogation case is decided on the particular facts and circumstances peculiar to the case at hand.

The court, in *Chittick, supra,* discussed this problem as follows:

"Subrogation is, in essence, an equitable assignment and is usually typified by the example of a surety or other party secondarily liable who pays the debt of the principal debtor and is considered as an equitable assignee or as subrogated to the right of the creditor. The very term means a substitution and leaves no right in the party in whose interest is subrogated. In the present case if the plaintiff should be considered as subrogated to the right of Williams [defendant-insured] then Williams has no further right and for this it is difficult to find any basis and, indeed, this question in his absence cannot be determined."

For the reasons stated above we find that plaintiff-appellant has no standing to bring an action for negligence in failure to settle directly against Travelers. The trial court was correct in sustaining the motion to dismiss and the judgment is affirmed.

Plaintiff, in her argument, sets out only how the defendant Slater could be joined. She makes no argument and cites no authority to establish any claim against appellee Slater upon which relief could be granted. Appellant has thereby waived any right of action. Rule AP. 8.3 (A) (7).

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 289 N.E.2d 144.