**Marie CUE, Appellee,**

**v.**

**CASUALTY CORPORATION OF AMERICA, a corporation, Appellant.**

**No. 47372.**

Court of Appeals of Oklahoma, Division No. 1.

May 27, 1975.

Released for Publication by Order of the Court of Appeals June 19, 1975.

Bryan Billings, Woodward and Gomer Smith, Jr., Oklahoma City, for appellee.

Romain S. Mossman, Woodward, for appellant.

ROMANG, Presiding Judge:

This is an action by a judgment creditor against a liability insurance carrier to recover an amount in excess of the policy limits on the ground that the carrier refused in bad faith to settle the claim prior to trial. From a judgment awarding plaintiff $2,500.00 the defendant carrier appeals.

Larry Warren Howe had an insurance policy with the appellant, Casualty Corporation of America, which insured him against liability to others for bodily injuries and property damage arising from the operation of his automobile. The policy limits were $5,000.00 for bodily injury to one person, $10,000.00 for bodily injury to two or more persons, and $5,000.00 for property damage.

The policy also contained the following provision:

"Any person or organization or the legal representative thereof who has se-

cured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

While this insurance policy was in force a pickup truck driven by Austin Cue collided with Howe's automobile. Marie Cue, wife of Austin and the appellee herein, was a passenger in the pickup at the time. Austin Cue recovered a judgment against Howe for bodily injury and property damage in the amount of $5,307.69. The appellant paid this judgment.

Marie Cue had filed a separate action at about the same time her husband's action was commenced. Before her husband's case was tried Marie Cue offered to settle her claim for $4,000.00, and Howe demanded of the appellant that the claim be settled for this figure. Casualty Corporation of America refused. After the trial of the husband's case, when the handwriting on the wall was somewhat more legible, the appellant offered $4,250.00, but Marie Cue demanded $4,750.00.

Being unwilling to compromise further, the parties proceeded to try the matter to a jury. This resulted in a verdict in favor of the plaintiff in the amount of $7,500.00. After this verdict was sustained on appeal, Casualty Corporation paid $5,000.00 plus interest, leaving only that part of the judgment which exceeded the policy limits ($2,500.00) unpaid. Marie Cue then brought this action directly against Casualty Corporation and a trial to the court resulted in a $2,500.00 judgment in favor of the plaintiff.

Casualty Corporation seeks reversal of this judgment upon the ground that Marie Cue was not the proper party to bring this action, and further, that it was neither negligent nor in bad faith in refusing to settle.

We agree with the first contention and reverse. We do not reach the question of the appellant's negligence or bad faith. We think the language of the policy provision clearly authorizes a direct action against the insurer by the judgment creditor up to the policy limits (i. e., "to the extent of the insurance afforded by this policy"). A direct action against the insurer, however, for any amount in excess of the policy limits is outside the scope of this provision. In the latter instance, it is not insurance afforded by the policy which is sought, but rather damages for the tortious failure of the insurer to act carefully and in good faith.

Our research has disclosed no case in which the Supreme Court of the State of Oklahoma has decided this precise question, but in Fidelity & Casualty Co. of New York v. Southall, Okl., 435 P.2d 119 (1967), in deciding a somewhat different point the Court quoted (at page 122), the following passage from 7 Am.Jur.2d, "Automobile Insurance," § 159:

"'* * * it has been held * * * that a garnishment proceeding by judgment creditors of the insured *will not lie* against the insurer on the ground that *it was negligent or acted in bad faith in failing to settle the claims against the insured* for the reasons that the *insured's cause of action sounds in tort* and is therefore *an unliquidated tort claim* and that it is *not a chose in action subject to garnishment*." (Emphasis added.)

Our attention is invited by the appellee to the case of Hartford Accident & Indemnity Co. v. Day, (10th Cir.) 359 F.2d 484.

*Day* was indeed a direct action against the insurer, and the policy provision was identical to the provisions contained in Casualty Corporation's policy. In that case, Hartford Accident & Indemnity Co. defended its insured, Wininger, but refused to pay the judgment against him, claiming lack of proper notice. This precipitated Day's direct action for an amount within the policy limits. Against Hartford's argument that Day should have proceeded by garnishment rather than directly, the Court said at page 487:

". . . We agree with the trial Court that the policy clearly confers upon ap-

pellee the right to maintain this action against the liability insurer. See 8 Appleman, Insurance Law and Practice, Sec. 4831."

The Appleman citation supports the Day decision. In the section cited this statement appears:

"An injured third party who has recovered a judgment against the insured generally has been held to be subrogated to the rights of the latter and he can maintain an action directly against the liability insurer."

Before we apply the rule to our case, however, we observe a cautionary note sounded by Judge Rodney in Chittick v. State Farm Mutual Automobile Ins. Company, (D.Del.) 170 F.Supp. 276, wherein the court in discussing the Appleman citation says, at page 280,

"The generality of this statement may be somewhat misleading. If it is confined to a liability within the monetary limits of the policy then, perhaps, the statement may be fully accepted. A careful inspection of the sustaining cases does not disclose any which involved a claim for an amount exceeding the limits of the policy and based upon a tort committed by the insurer and involving a personal duty owed to the insured by the insurer."

In *Chittick* the injured judgment creditor claimed to be a subrogee of the insured tort feasor. The court pointed out that the liability insurance carrier may have a contractual duty within the monetary limits of the policy, but that liability arising from its handling of the claim negligently or in bad faith is not contractual, but tortious. The court observed that this liability is not confined to the monetary limits of the policy, and is a violation of a duty owed the insured. Our holding in Davis v. National Pioneer Insurance Co., Okl.App. (1973), 515 P.2d 580 is in accord.

In the case of Paul v. Kirkendall (1957) 311 P.2d 376, 6 Utah 2d 256, the Supreme Court of Utah held the judgment creditor having a judgment in excess of the policy limits could not recover against the insurer through garnishment for negligence and bad faith, for the reason that the obligation of the insurer is to its insured, not the judgment creditor, and the breach of the duty to exercise good faith and care gives rise to an action in tort which is not subject to garnishment under Utah statutes.

In Duncan v. Lumbermans Mutual Casualty Co., 91 N.H. 349, 23 A.2d 325 (1941), on facts remarkably similar to the case at bar, it was held that

". . . the duty of an insurance company to protect its insured against liability cannot consistently be extended to include protection to the one who is seeking to hold the insured liable."

This case was followed in Francis v. Newton, 75 Ga.App. 341, 43 S.E.2d 282 (1947), in which the Georgia Court applied the rationale of the New Hampshire direct action case to a garnishment action, and stated that there is "no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders."

The difference in the position of an insured and one claiming to have been injured by the insured is sharply demonstrated by the case of Wessing v. American Indemnity Co., (D.Mo.), 127 F.Supp. 775, wherein the court, construing Missouri law in companion cases, held that the insurer may be liable to its insured for failure to settle within the policy limits, but not liable to one claiming against the insured. The court said that the insurer could not be liable in tort to the claimant because it owed her no duty. Furthermore, the court observed, the claimant, having received a judgment for an amount larger than the amount for which she offered to settle, and having collected the policy limits, actually benefited rather than lost from the insurer's refusal to settle.

We find the courts of many other states have taken a similar view: Murray v. Mossman, (1960) 56 Wash.2d 909, 355 P.2d

985; Steen v. Aetna Casualty & Surety Co., (1965) 157 Colo. 99, 401 P.2d 254; Seguros Tepeyoc, S.A., Compania Mexicana v. Bostrom (5th Cir. 1965) 347 F.2d 168 (interpreting Texas law); Bennett v. Slater, Ind.App., (1972) 289 N.E.2d 144. See also Keeton, Liability Insurance and Responsibility for Settlement, 67 Harvard L.Rev. 1136.

Thompson v. Commercial Union Insurance Co. of New York, Fla., 250 So.2d 259 (1971) expresses a contrary view. The Indiana Court of Appeals, however, specifically declined to follow this case, after careful analysis, and found that it represented a minority view, the vast majority of cases being the other way. Bennett v. Slater, supra. We agree.

The appellee seeks to distinguish this case from those cases involving garnishment. We observe no significant distinction in the cases between garnishment by the judgment creditor and direct action against the insurer, and we see no reason for any such distinction.

We .do distinguish this case from those cases cited by the appellee wherein the policy contains a provision which clearly authorizes a direct action by the judgment creditor, such as those which provide that the judgment creditor can bring any action against the insurer which the insured may bring.

Having concluded that in this case neither the policy provision nor the law gives the judgment creditor a right of action against the insurer, we reverse the judgment and remand the case to the trial court with instructions to dismiss.

Reversed and remanded.

REYNOLDS and BOX, JJ., concur.