## LISIEWSKI v COUNTRYWIDE INSURANCE COMPANY

1. INSURANCE—CLAIMS—SETTLEMENT—BAD FAITH OR NEGLIGENCE—
   THIRD-PARTY ACTION—RECOVERY—SPLIT OF AUTHORITY.

   An insurer's liability to a judgment creditor of its insured for the
   insurer's alleged bad faith or negligence in refusing to settle a
   claim is a recent development and still in a state of change;
   almost all jurisdictions allow recovery where suit is brought by
   the insured himself but where the action is brought by an
   injured third party alone, the courts are split.

2. INSURANCE—CLAIMS—SETTLEMENT—JUDGMENT CREDITOR—INSUR-
   ER'S LIABILITY—THIRD-PARTY BENEFITS.

   A judgment creditor of an insured may not recover in a direct
   suit against the insurer for alleged bad faith or negligence in
   refusing to settle within policy limits for two reasons: (1) the
   insurer's liability is personal to its policyholder and not to a
   third-party stranger to the contract, and (2) refusal to settle
   within policy limits does not injure, but benefits the third
   party.

3. INSURANCE—AUTOMOBILES—ACTIONS—THIRD-PARTY BENEFICIARY—
   POLICYHOLDER'S CONSENT.

   The minority rule in direct action cases by an injured third party
   for an insurer's bad faith or negligence in refusing to settle a
   claim adopts the rationale that automobile insurance is a third-
   party beneficiary contract extending to the motoring public at
   large and, accordingly, any third-party injured person may sue
   the insurer without the policyholder's consent.

4. INSURANCE—CAUSE OF ACTION—ASSIGNMENT—JUDGMENT CREDITOR
   —RECOVERY.

   A valid assignment to a judgment creditor of an insured's cause

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 7 Am Jur 2d, Automobile Insurance §§ 208, 210 *et seq.*
  44 Am Jur 2d, Insurance §§ 1797–1799.
  Insurer's liability for consequential or punitive damages for wrong-
    ful delay or refusal to make payments due under contracts. 47
    ALR3d 314, s. 37 ALR2d 538.
[6] 7 Am Jur 2d, Attorneys at Law §§ 34, 154.

of action for alleged wrongful refusal to settle a claim permits recovery in a direct action against the insurer by the judgment creditor.

5. INSURANCE—CONTRACT OF INDEMNITY—DUTY TO DEFEND—DUTY TO SETTLE CLAIMS—THIRD-PARTY PLAINTIFF.

An insurance company's contract to indemnify its insured's liability to the limits of the policy does not include direct obligations to a third-party plaintiff because such plaintiff is not the intended recipient of every obligation undertaken by the company under the contract; the duties to defend and to settle within policy limits are clearly contractual obligations for the benefit of the insured and not an injured third party.

6. ACTION—ASSIGNMENT—CONTRACTS—INSURANCE—PROFESSIONAL ETHICS.

Attorneys may not ethically represent both the insured and the insurance company in any action arising out of a breach of a contract duty by the insurance company.

Appeal from Wayne, John D. O'Hair, J. Submitted February 7, 1977, at Detroit. (Docket No. 27260.) Decided May 16, 1977. Leave to appeal applied for.

Complaint by Jolene S. Lisiewski against Countrywide Insurance Company and Olympic Insurance Company to recover the amount of a judgment in excess of their insured's policy limits. Judgment for defendants. Plaintiff appeals. Affirmed.

*Eggenberger, Eggenberger, McKinney & Weber,* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.,* for defendants.

Before: BRONSON, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

BRONSON, P. J. In this case the plaintiff, a judgment creditor of an insured of the defendant insur-

ance companies, seeks to recover in a direct action against the defendants the amount of the judgment in excess of the insured's policy limits. Plaintiff recovered a judgment against defendants' insured in a prior action and has received payment up to the policy limit from the defendant insurers. Plaintiff asserts in this action that defendants wrongfully failed to settle the prior case for an amount within the policy limits, that the defendants are liable to their insured (the judgment debtor) for the excess amount of the judgment over and above the policy limits because of such failure to settle, and that plaintiff may directly enforce that liability. Plaintiff has not alleged that she has received an assignment of the cause of action from the policyholder nor that she has made any attempt to collect the unpaid portion of the judgment from defendants' insured.

We decline to recognize this cause of action, and affirm the trial court's grant of summary judgment against plaintiff for failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1).

The complaint filed by plaintiff alleges that she sustained personal injuries in an automobile accident in 1968 while riding as a passenger in an automobile driven by one Stanley Pesta. Plaintiff brought suit against Vannie Ackers, d/b/a Hurry Back Bar, under the dramshop act, MCLA 436.22; MSA 18.993, and against Pesta.

After a trial in 1972, a jury awarded plaintiff $45,000. She collected $10,000 from the Michigan State Accident Fund on behalf of Pesta, and $25,-000 from defendants on behalf of their insured, Vannie Ackers. The policy limit on the liability insurance held by Vannie Ackers was $25,000.

The legal background of the issue presented here was succinctly summarized in *Rutter v King,*

57 Mich App 152, 158–160; 226 NW2d 79 (1974). Since the author of that opinion is now a member of this panel, we feel justified in borrowing freely from that summary:

"The law as to an insurer's liability to a judgment creditor of the insured for the insurer's alleged bad faith or negligence in refusing to settle a claim is a recent development and still in a state of change. Almost all jurisdictions allow recovery where suit is brought by the insured himself, providing of course that the insured will be able to sustain the burden of proof as to bad faith or negligence. *City of Wakefield v Globe Indemnity Co,* 246 Mich 645; 225 NW 643 (1929); Anno., *Duty of Liability Insurer to Settle or Compromise,* 40 ALR2d 168; *Riske v Truck Insurance Exchange,* 490 F2d 1079, 1082 (CA 8, 1974). But where the action is brought by the injured third party alone, the courts are split. The majority hold the third party may not recover. This is the ruling, whether the form of action is by a direct third party suit or by garnishment. The reasons given by the courts subscribing to the majority position do not entirely agree but substantially rest on two theories. First, the insurer's liability is personal to its policyholder and should not be extended to a third party stranger having no relationship to the insurance contract. Second, the third party is not injured but in fact is benefited by the insuring company's refusal to settle within the policy limits. The real party injured is the policyholder who because of the insurer's intransigence is left with a judgment hanging over his head. See Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv L Rev 1136 (1954). [footnotes omitted].

\* \* \*

"The minority rule in direct action cases is represented by Florida alone which adopts the rationale that automobile insurance is a third party beneficiary contract extending to the motoring public at large and, accordingly, any third-party injured person may sue without the policyholder's consent. *Thompson v Com-*

*mercial Union Ins Co of New York,* 250 So 2d 259 (Fla, 1971)."

The issue we decide here was not reached in *Rutter.* There it was determined that the judgment creditor held a valid assignment of the cause of action from the insured. *Rutter, supra,* p 162. Where there has been such an assignment, the great majority of jurisdictions permit recovery. See cases cited in *Rutter, supra,* at 161. *Rutter* followed that majority and held that:

"[A] plaintiff judgment creditor possessing a valid assignment of the insured's cause of action against the insurer has a right of direct action against the insurer for alleged wrongful refusal to settle the claim." *Rutter, supra,* p 162.

In this case, plaintiff asserts that we should recognize the same right of a direct action against the insurer by a judgment creditor even absent an assignment of the insured's cause of action. Plaintiff argues that the dramshop act, MCLA 436.22, 436.22a; MSA 18.993, 18.993(1), requires that a tavern owner obtain liability insurance or a bond and indicates a clear legislative intent that the insurance be for the benefit of persons in the class of plaintiff. Plaintiff also argues that under general contract principles, she must be considered to be a third-party beneficiary of that contract of insurance. From these premises, plaintiff concludes that she should be permitted to directly enforce a cause of action arising out of a breach of a contractual duty.

Plaintiff's argument would go too far. While plaintiff may well be a third-party beneficiary of the insurance company's undertaking to indemnify a liability of their insured up to the limits of the

insurance policy, it is manifest that plaintiff is not the intended recipient of every obligation undertaken by the insurance company under that contract. An insurance company may have a duty to defend their insured in personal injury actions arising under the dramshop act or as otherwise provided in the insurance contract. Clearly this contractual obligation is not for the benefit of the injured party.

Similarly, the obligation of the insurance company to use good faith in attempting to reach a settlement agreement within policy limits would seem to run only to the insured, not the injured party.

The insurance policy itself indicates that the extent to which it is intended to benefit the class of persons of which plaintiff is a member is limited by the policy's liability limits:

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

This language would indicate that plaintiff is not an intended beneficiary of contractual duties which would result in liability of the insurance company in excess of policy limits.

This third-party beneficiary argument was raised and rejected in *Bennett v Slater,* 289 NE2d 144; 63 ALR3d 670 (Ind App, 1972). See, also, *Cue v Casualty Corp of America,* 537 P2d 349 (Okla App, 1975). See, generally, *Insured Person's Right Against Insurer,* 63 ALR3d 677, 701–712.

Similarly, while the dramshop act requires a bond (or insurance in lieu thereof) for the benefit

of injured persons such as plaintiff, the benefits conferred by the act are also limited:

"[I]n any action provided for in this section, the plaintiff shall have the right to recover actual damages in such sum not less than $50.00 in each case which the court or jury may determine that intoxication was a proximate cause of the injury or death, but no surety shall be liable in excess of the amount of the bond required by this act." MCLA 436.22; MSA 18.993.

The language would seem to refute any claim that the Legislature intended to create a cause of action for injured parties to collect sums in excess of policy limits. See cases cited and discussed in *Injured Person's Rights Against Insurer, supra,* § 7, pp 692–693.

We conclude that the duty allegedly breached by defendants did not run to plaintiff.

Moreover, we cannot agree that the conduct complained of resulted in injury to plaintiff. The insured is injured because he is personally liable to pay a judgment in excess of his insurance coverage and he may recover such damages. The injured party, however, by obtaining a judgment in excess of policy limits has actually received a benefit as a result of the insurance company's refusal to settle.

We join the majority of jurisdictions which have considered this issue and hold that the action here should not lie because (1) the duty of using good-faith in settlement negotiation is a duty to protect the insured—it is of a fiduciary nature and is personal to the relationship between the insured and insurer, and (2) because there has been no damage to the judgment creditor if this duty has been breached.

Finally, plaintiff attempts to get the instant case

within the rule of *Rutter v King, supra,* by arguing that we should find an actual assignment unnecessary in this case.

Plaintiff initially argues that she cannot obtain an assignment of the cause of action from Vannie Ackers because the defendant insurance company is the legal representative of their insured. Thus, the argument goes, for plaintiff's counsel to approach Vannie Ackers to discuss or request an assignment would involve a violation by plaintiff's counsel of DR 7-104 of the Code of Professional Responsibility and Canons as adopted by the Michigan Supreme Court, which says:

"(A) During the course of his representation of a client a lawyer shall not:

"(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

We view this alleged obstacle to assignment as being illusory. The same attorney may not ethically represent both the insured and the insurance company in any action arising out of the alleged breach of contract duty by the insurance company. DR 5-105, Code of Professional Responsibility and Canons. Plaintiff and her attorney may not blithely assume that attorneys for defendants will act unethically and professionally advise Vannie Ackers not to assign her cause of action against the insurance company.

Plaintiff alternatively argues that she could easily obtain assignment of the cause of action by forcing Vannie Ackers, defendants' insured, into bankruptcy. Thus, plaintiff argues, to permit her

to bring this action directly against the insurance company serves to avoid a circuity of actions.

It may be sufficient answer to this argument to point out that no such allegations were made in plaintiff's complaint, and the argument is made for the first time on appeal. Even more important, however, is that absent a voluntary assignment of the cause of action by the policyholder or an involuntary assignment ordered by a bankruptcy court, rights of the policyholder may be jeopardized without her involvement. An assignment of a cause of action is no mere formality to be foregone merely to avoid a so-called circuity of action. Plaintiff may proceed with this action only with an assignment from the policyholder and consequently states no cause of action absent an allegation of such assignment.

Affirmed. Costs to defendants.