## NELLIE JUANITA BEAN ET VIR v. ALLSTATE INSURANCE COMPANY

[No. 126, September Term, 1978.]

*Decided July 24, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Robert Anthony Jacques,* with whom were *Michael R. Gordon* and *Ferretti, Ehrlich & Gordon* on the brief, for appellants.

*Joseph S. McCarthy,* with whom were *McCarthy & Wharton, John F. Kelly* and *Parent & Kelly* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

The narrow question presented in this case is whether one

who has recovered a judgment in a personal injury suit stemming from an automobile accident may bring a direct action against his judgment debtor's insurer for the amount that the judgment exceeds the policy limits.

On September 24, 1974 appellant Nellie Juanita Bean was accidentally struck by an automobile owned by Jimmie Delozier Carroll and his wife and driven by David Charles Thompson with Mrs. Carroll's permission. Mrs. Bean brought a personal injury action against Carroll and Thompson in the Circuit Court for Montgomery County. Her husband, appellant Michael Bean, joined as plaintiff, seeking damages to the marital relation. Thompson was never served with process and was never found, but an answer on his behalf was filed by the appellee, Allstate Insurance Company (Allstate). Allstate was Carroll's insurer under a policy which covered the driver Thompson as an "additional insured". The policy limits were $100,000 to any one person injured in an accident and an aggregate of $300,000 to all persons injured. The policy did not contain any provision authorizing direct actions by third party claimants against Allstate.

Summary judgment was entered in favor of Carroll based on agency and no appeal was taken from that judgment by the appellants. The appellants offered to settle within the policy limits but Allstate refused. The action against Thompson proceeded to trial, resulting in a $140,000 verdict for personal injury to Mrs. Bean and $20,000 for injury to the marital relationship. Allstate then issued a draft payable to the Beans and their attorney for $102,417.00, the policy limit plus interest.

On June 15, 1978 in the Circuit Court for Montgomery County the Beans instituted the present action against Allstate for $60,000, the amount by which their judgment exceeded coverage under the Carroll policy. They contended that as Thompson's judgment creditors they were third party beneficiaries of the insurance contract who could sue Allstate for its bad faith in failing to settle within policy limits. Allstate demurred on the ground that the Beans lacked standing to sue it directly for the excess amount. The company's position was that the Beans had no privity of

contract and that it therefore owed no legal duty to them. Allstate argued that any obligation on its part to settle a claim in good faith ran only to Thompson, its insured.

The circuit court sustained the demurrer without leave to amend, stating that the Beans' theory "violates all the rules of privity with regard to contractual obligations." This appeal followed, and we granted certiorari prior to any hearing in the Court of Special Appeals.

In this Court the appellants (the Beans) contend that their rights as judgment creditors to recover the amount of the judgment over the policy limits exist independent of any assignment by the insured, Thompson. They argue that they and Allstate are the real parties in interest and that Thompson is only a nominal party. They ask us to rule that every automobile liability insurance policy is a third party beneficiary contract which entitles a judgment creditor to bring a direct action against an insurer for the excess of his judgment over policy limits where an insurer has acted in bad faith in handling his settlement offers. The appellee (Allstate) maintains that the Beans lack "standing" to assert this cause of action because it owed no duty to them to negotiate in good faith and because they were not damaged by any alleged bad faith on its part. The company insists that any third party beneficiary interest which the Beans might have in the insurance contract would extend only to the policy limits, and that Maryland statutory law does not authorize direct actions by judgment creditors against insurers to recover amounts beyond policy limits.

The question presented is one of first impression in this State. The vast majority of the courts which have ruled on this point have held that there is not a cause of action for tort judgment creditors for recovery from a debtor's insurance company directly for amounts exceeding the policy limits.[1] Three main rationales have been advanced to support this result. The first is that the insurer owes no duty to a claimant to settle a claim, and that any obligation to deal with settlement offers in good faith runs only to the insured. *See*

---

1. *See generally* Annot., 63 A.L.R.3d 677 (1975).

*Nichols v. United States Fidelity and Guaranty Co.,* 318 F. Supp. 334 (N.D. Miss. 1970); *Tabben v. Ohio Casualty Insurance Co.,* 250 F. Supp. 853 (E.D. Ky. 1966); *Chittick v. State Farm Mutual Automobile Ins. Co.,* 170 F. Supp. 276 (D. Del. 1958); *Wessing v. American Indemnity Co. of Galveston, Tex.,* 127 F. Supp. 775 (W.D. Mo. 1955); *Murphy v. Allstate Insurance Company,* 17 Cal.3d 937, 553 P. 2d 584, 132 Cal. Rptr. 424 (1976); *Steen v. Aetna Casualty and Surety Co.,* 157 Colo. 99, 401 P. 2d 254 (1965); *Francis v. Newton,* 43 S.E.2d 282 (Ga. App. 1947); *Yelm v. Country Mutual Insurance Company,* 123 Ill. App.2d 401, 259 N.E.2d 83 (1970); *Bennett v. Slater,* 154 Ind. App. 67, 289 N.E.2d 144 (1972); *Duncan v. Lumbermen's Mut. Casualty Co.,* 91 N.H. 349, 23 A. 2d 325 (1941), *overruled on other grnds, Hughes v. Herbert,* 106 N.H. 176, 207 A. 2d 432 (1965); *Cue v. Casualty Corporation of America,* 537 P. 2d 349 (Okl. App. 1975); *Pringle v. Robertson,* 258 Or. 389, 465 P. 2d 223 (1970); *Dillingham v. Tri-State Insurance Co.,* 214 Tenn. 592, 381 S.W.2d 914 (1964); *Samford v. Allstate Ins. Co.,* 529 S.W.2d 84 (Tex. Civ. App. 1975); *Ammerman v. Farmers Insurance Exchange,* 19 Utah 2d 261, 430 P. 2d 576 (1967); *Murray v. Mossman,* 56 Wash.2d 909, 355 P. 2d 985 (1960). The second reason for denying a cause of action is that the claimant has not been injured by an insurer's refusal to settle within the policy limits where trial subsequently results in a verdict exceeding policy limits. *See Nichols v. United States Fidelity and Guaranty Co., supra; Tabben v. Ohio Casualty Insurance Co., supra; Chittick v. State Farm Mutual Automobile Ins. Co., supra; Wessing v. American Indemnity Co. of Galveston, Tex., supra; Steen v. Aetna Casualty and Surety Co., supra; Yelm v. Country Mutual Insurance Company, supra; Biasi v. Allstate Insurance Company,* 104 N.J.Super. 155, 249 A. 2d 18 (1969); *Browdy v. State-Wide Insurance Company,* 56 Misc.2d 610, 289 N.Y.S.2d 711 (1968); *Cue v. Casualty Corporation of America, supra; Pringle v. Robertson, supra; Dillingham v. Tri-State Insurance Co., supra; Samford v. Allstate Ins. Co., supra; Ammerman v. Farmers Insurance Exchange, supra; Murray v. Mossman, supra.* A third reason for dismissing a claimant's suit is that the claimant is a stranger to the

relationship between the insurer and the insured and is not in privity of contract with them. *See Wessing v. American Indemnity Co. of Galveston, Tex., supra; Francis v. Newton, supra; Chicoine v. State Farm Mutual Automobile Insurance Company,* 351 Mass. 664, 223 N.E.2d 510 (1967); *Pringle v. Robertson, supra; Ammerman v. Farmers Insurance Exchange, supra. See also* 12 *G. Couch on Insurance,* §§ 45:763-64, at 663-65 (2d ed. 1964); Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv.L.Rev. 1136, 1175-77 (1954).

The appellants refer us to only one reported decision permitting a judgment creditor to sue his debtor's insurer for the amount of the judgment exceeding policy limits, *Thompson v. Commercial Union Ins. Co. of New York,* 250 So.2d 259 (Fla. 1971).[2] In the *Thompson* case, the Supreme Court of Florida held that a judgment creditor is a third party beneficiary of his judgment debtor's automobile liability insurance policy. As third party beneficiary, the court reasoned, the judgment debtor is the real party in interest and may institute a direct action in his own name to recover from his debtor's insurer the excess of his judgment over policy limits where the insurer has handled his claim negligently or in bad faith. The Florida court offered two policy justifications for allowing a direct action: first, "to encourage and favor compromise and settlement of controversies," and second, to make the result consistent with that state's financial responsibility statute, the primary purpose of which was to protect third parties. *Id.* at 262-63.

We believe that the majority view is sound and we adopt that position as the better reasoned approach and consistent with policy of the Maryland Legislature.

The General Assembly has enacted a statute which permits direct actions by claimants against liability insurers, but *only*

---

2. Our research discloses only one case to date which has adopted the *Thompson* rationale, Jones v. National Emblem Ins. Co., 436 F. Supp. 1119 (E.D. Mich. 1977), and the effect of the *Jones* decision is questionable in view of the absence of any authoritative ruling on the point by the Michigan state courts, *see* Rutter v. King, 57 Mich. App. 152, 226 N.W.2d 79, 84 (1974).

*for amounts up to the* policy limits. Maryland Code (1957, 1979 Repl. Vol.), Art. 48A, § 481 provides that

> [n]o liability insurance policy issued in this State shall contain any requirement for the payment of liability or loss under the policy, by the assured, but all such policies shall provide in substance that the bankruptcy or insolvency of the assured shall not release the insurer from liability; that if an execution upon any final judgment against the assured is returned unsatisfied, in whole or in part, in an action brought by the injured or by another person claiming, by, through, or under the injured, then an action may be maintained by the injured, or by such other person against the insurer under the terms of the policy for the amount of any judgment recovered in such action, *not exceeding the amount of the policy,* and every such policy shall be construed to so provide, anything in such policy to the contrary notwithstanding. [emphasis supplied].

The fact that § 481 limits a judgment creditor's right of recovery to the amount of his debtor's insurance coverage indicates that the Legislature in its wisdom has not seen fit to confer upon claimants the right to maintain a direct action for recovery of sums exceeding policy limits. We hold that a claimant has no cause of action against an insurer directly for sums in excess of the policy limits in the absence of explicit authorization to that effect. *See Belcher v. Gov't Employees Ins. Co.,* 282 Md. 718, 726, 387 A. 2d 770 (1978). *See also Linder v. Hawkeye-Security Insurance Company,* 472 S.W.2d 412 (Mo. 1971), *appeal dismissed,* 405 U. S. 950, 92 S. Ct. 1176, 31 L.Ed.2d 227 (1972).

For these reasons, the judgment of the circuit court is hereby affirmed.

> *Judgment of the Circuit Court for Montgomery County affirmed; appellants to pay the costs.*