614 P.2d 339

Gail R. PAGE and Judith Page, husband and wife, Plaintiffs/Appellants,

v.

ALLSTATE INSURANCE COMPANY, an Arizona Corporation, Defendant/Appellee.

No. 2 CA–CIV 3502.

Court of Appeals of Arizona, Division 2.

May 15, 1980.

Rehearing Denied June 3, 1980.

Review Denied June 24, 1980.

S. Jeffrey Minker, Tucson, for plaintiffs-appellants.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Michael Lacagnina and David A. Paige, Tucson, for defendant-appellee.

OPINION

RICHMOND, Judge.

 This appeal presents only one question: May a judgment creditor, lacking an assignment from the judgment debtor, bring a direct action against the latter's liability insurer for bad faith refusal to settle a personal injury claim? Judgment on the pleadings for the defendant insurer is affirmed.

Appellants Gail R. Page and Judith Page obtained a judgment in a personal injury action against defendant Allstate Insurance Company's insured in an amount in excess of the available liability coverage. After unsuccessful efforts to locate the insured in order to obtain a collateral assignment of any claim he might have against Allstate, the Pages commenced this action alleging negligence and bad faith in Allstate's failure to settle their claim within policy limits. Their complaint seeks compensatory damages equal to the unsatisfied balance of their judgment (the amount in excess of the policy limits) and punitive damages for Allstate's willful misconduct. The trial court granted Allstate's motion for judgment on the pleadings, which was treated as a motion for summary judgment pursuant to 16 A.R.S. Rules of Civil Procedure, rule 12(c).

The Pages concede that Arizona case law generally precludes a direct action by a judgment creditor for excess liability based on bad faith in an insurer's dealings with its policyholder. *General Accident Fire & Life Assurance Corp. v. Little*, 103 Ariz. 435, 443 P.2d 690 (1968). They argue, however, that their inability despite reasonable efforts to locate Allstate's insured presents an exception to that general rule, and under those circumstances urge the application of the third party beneficiary concept adopted by the Supreme Court of Florida in *Thompson v. Commercial Union Insurance Co.*, 250 So.2d 259 (1971). Not only is the Florida view a minority of one but, despite language in *Thompson* to the contrary, the holding is inconsistent with the Arizona

rule limiting recovery under the third party beneficiary doctrine to agreements where the benefit to the third person is intentional and direct. *See Irwin v. Murphey,* 81 Ariz. 148, 302 P.2d 534 (1956). The duty to settle is intended to benefit the insured, not the injured claimant. *Murphy v. Allstate Insurance Co.,* 17 Cal.3d 937, 132 Cal.Rptr. 424, 553 P.2d 584 (1976).

Affirmed.

HATHAWAY, C. J., concurs.

HOWARD, Judge, specially concurring.

I concur. The Florida case of *Thompson v. Commercial Union Ins. Co.,* supra, stands alone, and for a good reason. It is legally and logically unsound. As was said in *Lisiewski v. Countrywide Ins. Co.,* 75 Mich. App. 631, 255 N.W.2d 714 (1977):

> "While plaintiff may well be a third-party beneficiary of the insurance company's undertaking to indemnify a liability of their insured up to the limits of the insurance policy, it is manifest that plaintiff is not the intended recipient of every obligation undertaken by the insurance company under that contract. An insurance company may have a duty to defend their insured in personal injury actions arising under the dramshop act or as otherwise provided in the insurance contract. Clearly this contractual obligation is not for the benefit of the injured party." 255 N.W.2d at 717

Other decisions which have rejected *Thompson* are *Cue v. Casualty Corp. of America,* 537 P.2d 349 (Okl.App.1975); *Bennett v. Slater,* 154 Ind.App. 67, 289 N.E.2d 144 (1972); *Bean v. Allstate Ins. Co.,* 285 Md. 572, 403 A.2d 793 (1979). See generally, Annot. 63 A.L.R.3d 677, 701–712 (1975).